**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| TONY HOLLOWAY, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLIED UNIVERSAL SECURITY and BRI ROBINSON,<br><br>Defendants. | Case No.: **2:25-cv-166-HSO-BWR** |

## COMPLAINT

Plaintiff Tony Holloway (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, Sage Legal LLC, upon personal knowledge as to himself and upon information and belief as to other matters, respectfully brings this Complaint against Defendants Allied Universal Security (hereinafter "Allied" or the "Corporate Defendant") and Bri Robinson (hereinafter "Robinson" or the "Individual Defendant") (the Corporate Defendant and the Individual Defendant collectively hereinafter "Defendants") and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for their violation of the Fair Labor Standards Act, as amended (hereinafter the "FLSA"), 29 U.S.C. §201 *et seq*.

2. During the last three (3) years, Defendants carried out an unlawful payroll policy and practice by failing to pay Plaintiff and all others similarly situated for all worked hours including overtime compensation as required by federal law.

3. Plaintiff has initiated this action to recover unpaid wages and overtime compensation he and all others similarly situated have been deprived of, plus interest (pre-judgment and post-judgment), liquidated damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in the Southern District of Mississippi pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. At all times material hereto, Plaintiff performed non-exempt security officer duties for the benefit of Defendants in the state of Mississippi including within the city of Hattiesburg.

7. At all times relevant, the Corporate Defendant is covered as an enterprise under the FLSA because it generated at least $500,000.00 in revenue and engaged in interstate commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).

8. Plaintiff falls within the protections of the FLSA because his work required him to handle a weapon which moved in interstate commerce.

**PARTIES**

9. Plaintiff is an adult individual who is and was a resident of Forrest County within the State of Mississippi.

9. Plaintiff was employed by Defendants in the State of Mississippi during the period of about September 2017 up to the present.

10. The Corporate Defendant is a business entity formed under the laws of Mississippi with a primary office located at 1307 Airport Road, Suite 1C, Flowood, MS 39232-3016.

11. Upon information and belief, the Individual Defendant is an adult individual residing within the State of Alabama, and is the Company Branch Manager of the Corporate Defendant, having sufficient control over its business.

12. At all relevant times, the Individual Defendant had the power and authority to hire, fire, set the pay, schedule, and other terms and conditions of Plaintiff's employment and did so.

13. At all times relevant, Defendants employed Plaintiff to perform work on behalf of Defendants within the State of Mississippi, particularly at Hattiesburg, Mississippi.

**STATEMENT OF FACTS**

14. Based upon the information preliminarily available, and subject to discovery in this cause, Defendants did not properly compensate Plaintiff for all hours worked, including for all overtime hours he worked for every workweek.

15. Plaintiff began working for Defendants in or around September 2017, as a security officer.

16. While employed, Plaintiff typically and customarily performed compensable duties for the benefit of Defendants and their customers with an official work schedule of Monday through Saturday, working on an average total of one hundred (100) hours a week.

17. During the relevant period, Defendants failed to pay Plaintiff the proper overtime compensation under the law by failing to pay him at least one-and-a-half (1.5) times his regular rate for all time spent performing labor in excess of forty (40) hours of his regular workweek.

18. As a result, the Defendants owe Plaintiff wages and associated damages pursuant to 29 U.S.C. § 216(b).

19. At all times relevant, Defendants had actual or constructive knowledge and otherwise suffered or permitted Plaintiff to perform compensable work duties for more than forty (40) hours per week.

20. At all times relevant, Defendants had actual knowledge that it was obligated under the FLSA to track and record Plaintiff's compensable hours accurately and with precision.

21. At all times relevant, Defendants had actual knowledge that it was obligated to pay Plaintiff all wages due and owing for all hours Plaintiff worked each week and to pay Plaintiff overtime wages at the time one-and-one-half (1.5) rate for overtime Plaintiff worked in excess of forty (40) hours each week.

22. At all times during his employment for Defendants, Plaintiff was an exemplary employee who never received any citation or negative feedback regarding his work performance.

23. Upon information and belief, Defendants at all times during the relevant time period willfully failed to keep accurate payroll records as required by the FLSA.

24. As a result of Defendants' violation and failure to pay proper wages and overtime compensation, Plaintiff suffered concrete harm resulting from Plaintiff's lack of pay that he should have received for his regular hours and overtime hours in compliance with the FLSA.

25. Furthermore, Defendants' willful failure to keep accurate records of Plaintiff's hours worked prevented Plaintiff from being able to calculate his hours work and determine if he was being paid time-and-a-half in accordance with the FLSA.

26. As a result of these violations of federal labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount to be determined at trial.

27. Plaintiff also seeks interest (pre-judgment and post-judgment), attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

28. Plaintiff brings this FLSA claim as a collective action on behalf of himself and others similarly situated who have been employed by Defendants during the full statute of limitations period (hereinafter the "FLSA Collective Members").

29. At all relevant times, Plaintiff and the FLSA Collective Members were similarly situated, had substantially similar job requirements, were paid in the same manner and under the same common policies, and were subject to Defendants' practices of: (i) failing to compensate Plaintiff and the FLSA Collective Members at one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek; and (ii) failing to timely pay all wages owed.

30. At all relevant times, Defendants have been fully aware of the duties performed by Plaintiff and the FLSA Collective Members, and that those duties were not exempt from the provisions of the FLSA.

31. Defendants' violations of the FLSA have been willful, repeated, knowing, intentional, and without a good faith basis, and have significantly damaged Plaintiff and the FLSA Collective Members.

32. As a result of their unlawful conduct, Defendants are liable to Plaintiff and the FLSA Collective Members for the full amount of their unpaid wages and late wages, with interest, plus an equal amount as liquidated damages, plus reasonable attorneys' fees and costs incurred by Plaintiff and the FLSA Collective Members.

33. While the exact number of the FLSA Collective Members is unknown to Plaintiff at this time, upon information and belief, there are over one thousand (1,000) individuals of the FLSA Collective Members nationwide.

34. Plaintiff is currently unaware of the identities of the individual members of the FLSA Collective Members.

35. Accordingly, the Court should require Defendants to provide Plaintiff with a list of all individuals of the proposed FLSA Collective Members, along with their last known addresses, telephone numbers, and email addresses, so Plaintiff may provide the members of the FLSA Collective Action notice of this action.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FLSA: OVERTIME

36. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

37. Defendants knowingly and willfully failed to pay Plaintiff the proper compensation corresponding to the overtime hours of work.

38. Plaintiff is entitled to compensation for each of his overtime hours worked each work week.

39. The overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff.

40. Similarly, Defendants are liable for the Plaintiff for associated damages pursuant to 29 U.S.C. § 206(a)(1).

41. Defendants have failed to pay Plaintiff overtime for hours that he worked in excess of forty (40) hours in a workweek.

42. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

43. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 225.

44. Because Defendants' violations of the Act were not the product of objective good faith or otherwise objectively excusable, Plaintiff is entitled to liquidated damages.

45. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the FLSA.

46. Based on the foregoing, Plaintiff suffered damages of at least $178,260.00, exclusive of liquidated damages, exclusive of interest (pre-judgment and post-judgment), attorneys' fees, and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

A. Against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, interest (pre-judgment and post-judgment), attorneys' fees and costs; and

B. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

F. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

G. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: November 13, 2025

Respectfully submitted,

*/s/ Brian K. Herrington*
Brian K. Herrington, MB #10204
**CHHABRA GIBBS & HERRINGTON PLLC**
120 N. Congress Street, Suite 200
Jackson, MS 39201
T: (601) 326-0820
F: (601) 948-8010
E: bherrington@nationalclasslawyers.com

**SAGE LEGAL LLC**

Emanuel Kataev, Esq.
*Pro hac Vice Motion Forthcoming*
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Tony Holloway*
*and all others similarly situated*