# EXHIBIT B

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:** **HON. FRANK NERVO** — ***Justice*** **PART** **04**

---------------------------------------------------------------------------------X

STEPHANIE LOPEZ, INDIVIDUALLY AND ON BEHALF OF OTHER PERSONS SIMILARLY SITUATED,

Plaintiff,

- v -

BRONX FORD, INC.,CITY WORLD ACQUISITION GROUP, INC.,CITY WORLD MOTORS, LLC,CITY WORLD ESTATE AUTO HOLDINGS, L.L.C. AND/OR ANY OTHER ENTITIES AFFILIATED WITH OR CONTROLLED BY BRONX FORD, INC.,CITY WORLD ACQUISITION GROUP, INC.,CITY WORLD MOTORS, L.L.C. AND/OR CITY WORLD ESTATE AUTO HOLDINGS, L.L.C.

Defendant.

---------------------------------------------------------------------------------X

**INDEX NO.** 155504/2017

**MOTION DATE** 06/29/2021

**MOTION SEQ. NO.** 004

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152

were read on this motion to/for SANCTIONS.

The motion is decided in accordance with the annexed decision and order of even date.

Any requested relief not addressed therein has nevertheless been considered and is hereby denied.

**9/16/2021**
**DATE**

**FRANK NERVO, J.S.C.**

| | | | | |
|---|---|---|---|---|
| **CHECK ONE:** | [ ] **CASE DISPOSED** | | [X] **NON-FINAL DISPOSITION** | |
| | [X] **GRANTED** | [ ] **DENIED** | [ ] **GRANTED IN PART** | [ ] **OTHER** |
| **APPLICATION:** | [ ] **SETTLE ORDER** | | [ ] **SUBMIT ORDER** | |
| **CHECK IF APPROPRIATE:** | [ ] **INCLUDES TRANSFER/REASSIGN** | | [ ] **FIDUCIARY APPOINTMENT** | [ ] **REFERENCE** |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK, PART IV
-----------------------------------------------------------x

| | |
|---|---|
| STEPHANIE LOPEZ, et al | DECISION AND ORDER |
| Plaintiffs, | Index Number |
| -against- | 155504/2017 |
| BRONX FORD. INC., et al | Mot. Seq. 004 |
| Defendant. | |

-----------------------------------------------------------x
FRANK P. NERVO, J.S.C.

Plaintiffs move to sanction defendants for continued noncompliance with various discovery orders of this Court. The Court previously struck defendants' answer for willful noncompliance and demonstrable obvious perjury (June 15, 2021 Decision and Order). Defendants contend, inter alia, that they have complied with the orders of this Court, and the sanction requested by plaintiff – deeming the class-action criteria established – is inappropriate, as plaintiff bears the burden of establishing same.

As an initial matter, given that defendants' answer has been stricken, liability is deemed admitted and defendants are limited to proof in mitigation of damages only (*Rokina Opt. Co. v. Camera King, Inc.*, 63 NY2d 728 [1984]; *see also Cillo v. Resjefal Corp.*, 13 AD3d 292 [1st Dept 2004]). Put differently, the striking of defendants' answer is functionally equivalent to a default judgment and

precludes the assertion of defenses related to liability (*id.*). To the extent that defendants argue liability, such arguments are summarily rejected.

CPLR § 3101(a) directs that there "shall be full disclosure of all matter material and necessary to the prosecution or defense of an action, regardless of the burden of proof" (*Forman v. Henkin*, 30 NY3d 656, 661 [2018]). The test utilized is "one of usefulness and reason" (*id.*). "A party that permits discovery to 'trickl[e] in [with a] cavalier attitude should not escape adverse consequence'" (*Henderson-Jones v. City of New York*, 87 AD3d 498, 504 [1st Dept 2011] quoting *Figdor v. City of New York*, 33 AD3d 560, 561 [1st Dept 2006]).

As the Court of Appeals has repeatedly underscored, "our court system is dependent on all parties engaged in litigation abiding by the rules of proper practice. The failure to comply with deadlines not only impairs the efficient functioning of the courts and adjudication of claims, but it places jurists unnecessarily in the position of having to order enforcement remedies to respond to the delinquent conducts of members of the bar, often to the detriment of the litigants they represent. Chronic noncompliance with deadlines breeds disrespect for the dictates of the Civil Practice law and Rules and a culture in which cases can linger for years without resolution" (*Gibbs v.*

*St. Barnabas Hosp.*, 16 NY3d 74 [2010]). Compliance requires a timely response and good faith effort to provide a meaningful response (*Kihl v. Pfeffer*, 94 NY2d 118, 123 [1999]). Disregard of discovery deadlines will not be tolerated (*Andrea v. Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C*, 5 NY3d 514, 521 [2005]; *see also Arpino v. F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d 201, 208 [2d Dept 2012]). "[U]pon learning that a party has repeatedly failed to comply with discovery orders, [trial courts] have an affirmative obligation to take such additional steps as are necessary to ensure future compliance" (*Figdor v. City of New York*, 33 AD3d 560, 561 [1st Dept 2006]).

Here, plaintiff sought from defendants, inter alia, discovery related to numerosity of potential plaintiffs, responses to various interrogatories related to class certification requirements, and records of defendants' financial/corporate-structure. The demanded discovery is inarguably material to this purported class-action alleging, *essentia*, that the various related corporate defendants failed to pay employees in accordance with the applicable wage laws, and such discovery is indeed essential for plaintiff to establish the requirements for class certification under §§ 901 and 902. Despite defendants' baseless recalcitrant behavior resulting in the Court striking their answer and a finding of liability against them, defendants continue to flout their discovery obligations and

defense counsel continues to engage in frivolous motion practice in furtherance of defendants' noncompliance. The Court's prior order was designed to ensure future compliance and timely resolution of this matter. However, this Court's order cautioning that further frivolous behavior supported additional sanctions against both defendants' and their counsel, has, apparently, gone unheeded.

Notably, although defendants devote significant portions of their papers to arguments that plaintiff is not entitled to the discovery sought, at no time have defendants sought a protective order. Likewise, defendants' claims that the matter has been delayed by plaintiffs is belied by their failure to seek any relief in accordance with this contention. In any event, defendants' claims are entirely without merit. Plaintiff is entitled to pre-class discovery related to the class certification prerequisites, and has properly sought same from defendants. As prior orders of this court, and so-ordered stipulations, have directed defendants to provide such discovery, this Court must, once again, determine the appropriate sanction for defendants' contumacious noncompliance.

In determining the appropriate remedy for defendants', and their counsel's, unjustifiable behavior, the Court notes that its prior sanction related to the merits of this action – striking defendants' answer – was insufficient to

deter this behavior. Defendants' submission of perjurious testimony in this matter demonstrates their contempt for the rule of law and a propensity to withhold or otherwise adulterate evidence. Put simply, defendants have demonstrated they will continue their attempts to withhold evidence necessary to plaintiff's burden to establish the prerequisites to class action certification despite orders compelling same. Consequently, the Court finds compelling disclosure an insufficient remedy and that defendants likely to withhold evidence in contravention of any such order. Instead, the Court finds imposing a monetary sanction, coupled with the below certification-based sanction, appropriate.

Accordingly, it is

ORDERED that defense counsel, Milman Labuda Law Group, PLLC, has engaged in frivolous behavior as defined by the Rules of this Court and is sanctioned in the amount of $1,500 payable to the Lawyer's Fund for Client Protection, 119 Washington Avenue Albany, New York 12210; and it is further

ORDERED that the aforementioned sanction shall not be billed to defendants; and it further

ORDERED that written proof of the payment of this sanction be provided to the Clerk of Part 4, via letter and NYSCEF, and to opposing counsel within 20 days after service of a copy of this order with notice of entry; and it is further

ORDERED that in the event that such proof of payment is not provided in a timely manner, the Clerk of the Court, upon service of a copy of this order with notice of entry and an affirmation or affidavit reciting the fact of such non-payment, shall enter a judgment in favor of the Lawyer's Fund and against said counsel in the aforesaid sum; and it is further

ORDERED that defendants shall exclusively bear the cost of this motion, including those costs and fees of plaintiffs' counsel; and plaintiffs' counsel shall submit a detailed recitation of the costs and fees incurred in bringing this motion, via NYSCEF and email to SFC-Part4-Clerk@nycourts.gov, within 20 days of this decision and order; and it is further

ORDERED that should defendants object to the fee amount submitted by plaintiffs' counsel, defense counsel shall submit, via NSYCEF and email to SFC-Part4-Clerk@nycourts.gov, written opposition within five days of

plaintiffs' counsel's submission of same, failure to timely oppose shall constitute waiver; and it is further

ORDERED that defense counsel's failure to provide payment as directed herein or defendants' failure to provide payment of plaintiffs' counsel's fees, as determined following the above submissions, shall form a basis for the Court's own motion for contempt; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the Part be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed cases (accessible at the "E-Filing" page on the Court's website at: www.nycourts.gov/supctmanh), unless otherwise specified above; and it is further

ORDERED that, in accordance with Section 130-1.3, a copy of this order will be sent by the Part to the Lawyer's Fund for Client Protection; and it is further

ORDERED that defendants' repeated willful and contumacious noncompliance with orders of this Court and their discovery obligations was designed to

frustrate, and has frustrated if not outright prevented, plaintiff from establishing the prerequisites to a class action under CPLR § 901; and it is further

ORDERED that plaintiffs' claims are meritorious for the purpose of class certification; and the Court deems plaintiff has established the prerequisites of numerosity, commonality, typicality, representation adequacy, and superior method under CPLR §§ 901 and 902; and it is further

ORDERED that counsel for plaintiff, Virginia & Ambinder, LLP is appointed as counsel for the class; and it is further

ORDERED that plaintiffs' counsel shall submit a proposed class notice via NYSCEF and email to SFC-Part4-Clerk@nycourts.gov, within 60 days of this decision and order; and it is further

[continued on page 9]

ORDERED that should defendants wish to submit a counter-notice, they shall submit same via NYSCEF and email to SFC-Part4-Clerk@nycourts.gov within 60 days of this decision and order

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Dated: September 16, 2021

ENTER:

Hon. Frank P. Nervo, J.S.C.