IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| TONY HOLLOWAY, on behalf of himself and all others similarly situated, Plaintiffs, | Case No.: 2:25-cv-166-HSO-BWR |
| v. | |
| ALLIED UNIVERSAL SECURITY and BRI ROBINSON, Defendants. | |

**DECLARATION OF AMY REINHOLD**

I, Amy Reinhold, declare and state as follows:

1. I am the Regional Director of Human Resources for Universal Protection Service, LLC dba Allied Universal Security Services (erroneously identified as "Allied Universal Security" in the caption above) ("Allied Universal"). My region of oversight includes the state of Mississippi. I have been employed by Allied Universal in Human Resources since 2016. I know the facts set forth in this declaration to be true of my own personal knowledge or, where indicated, based on my review of Allied Universal's records maintained in the ordinary course of business. If called as a witness, I could and would testify competently to the matters set forth in this declaration.

2. Allied Universal provides contract-based security guard services in multiple states for various types of properties, including but not limited to, airports, retail centers, residential communities, office buildings, distribution/manufacturing facilities, and refineries. With a headquarters located outside of Mississippi, Allied Universal provides services to both Mississippi and non-Mississippi businesses, at times pursuant to multi-state service contracts, and regularly purchases goods and services from vendors located outside the

EXHIBIT
1

state of Mississippi. Allied Universal has employees in several states and is one of the nation's largest providers of security services.

3. Allied Universal maintains personnel files for its employees in the regular course of business. These personnel files include, among other items, executed arbitration agreements and other documents signed by employees. Personnel files are maintained by Allied Universal as business records and are entered into and stored in Allied Universal employment records in the ordinary course of business at or near the time they are created. In my position, I have access to and have reviewed Allied Universal's business and personnel records pertaining to Plaintiff Tony Holloway ("Plaintiff"). Plaintiff was hired by Allied Universal in 2017 and worked for Allied Universal as a security guard on and off from 2017 to 2024. Plaintiff was rehired at least twice following his initial employment. Plaintiff was assigned to numerous client sites in Mississippi throughout his employment. Some of Plaintiff's assigned client work sites were clients that Allied Universal services pursuant to multi-state contracts.

4. As part of hiring with Allied Universal, new employees complete an onboarding process. Onboarding refers to the process through which a newly hired employee completes certain new hire paperwork, including but not limited to Allied Universal's arbitration agreement.

5. Throughout the time I have been employed by Allied Universal, Allied Universal has used an electronic onboarding system called the iCIMS system which functioned the same way throughout Plaintiff's employment, including each time Plaintiff signed an arbitration agreement. This system is a password-protected online environment allowing employees to electronically complete and execute onboarding forms. Pursuant to my

duties as Regional Director of Human Resources, I am familiar with iCIMS and the way Allied Universal onboards new employees and presents new-hire paperwork, including the arbitration agreements at issue in this case . I have received training on how iCIMS operates and have specific experience accessing, navigating, and completing onboarding forms using the electronic onboarding system.

6. Throughout the time I have been employed, the iCIMS system has functioned as follows:

a) Upon hire, a new employee is assigned to a specific geographical region and must meet with a company representative at the region's office. The new employee provides documents that establish that individual's identity and authorization as outlined in the standard I-9 Department of Homeland Security Form. Once the new employee produces acceptable identifying documents, the electronic onboarding process begins. The company representative at the regional office initiates the electronic onboarding process by e-mailing a link from iCIMS to the individual's designated personal e-mail address provided by the employee at the time of applying and accepting employment.

b) The new employee must click on the link and enter a unique username and password created by the employee. In the event the employee forgets his or her unique password, only that individual can create a new password using his or her personal e-mail address.

c) After logging into iCIMS with his or her credentials, the new employee is directed to iCIMS's "Onboarding Tasks" screen-page, where they can view and complete certain onboarding documents, including the Arbitration Agreement.

d) Only the new employee using his or her correct username and unique password may electronically access and sign Allied Universal's onboarding documents with his or her electronic signature, including the Arbitration Agreement.

e) The onboarding system provides the employee with as much time as they need to review the contents of the documents, ask questions, acknowledge, and electronically sign the materials provided to them, including the Arbitration Agreement. The employee may also request copies of the documents from the company representative.

7. The Arbitration Agreement is a stand-alone document titled "Arbitration Policy and Agreement." Once the employee has launched the Arbitration Agreement during onboarding, he or she must view the entire text of the Agreement by scrolling down on the screen-page until they get to the signature space at the end of the Agreement. Once the employee gets to the signature space, the employee must check a box to "sign" the Agreement. The Agreement makes clear that checking the box is the equivalent of a handwritten signature. The 2017 version of the arbitration agreement allowed the employee, including Plaintiff, to choose between two different boxes to check and sign – one to sign to accept and one to sign to opt out. (A true and correct copy of Plaintiff's 2017 agreement is attached hereto as Exhibit A.) Later versions of the arbitration agreement required employees to check one box to sign the agreement, but allowed the employee a 30-day window to opt-out thereafter. (True and correct copies of Plaintiff's 2020 and 2021 agreements are attached hereto as Exhibits B and C.)

8. Once the employee reads the agreement and checks the signature box, the last page of the Arbitration Agreement shows the full name of the employee providing the electronic

signature as well as the date and time of execution. This information will not appear on the Agreement unless the employee checks the "Signature" box.

9. New employees are allowed to "opt-out" of arbitration by following the opt-out procedure outlined in the Arbitration Agreement.

10. No one at Allied Universal has the ability to subsequently alter onboarding forms on behalf of an employee without the system recording the name of the person initiating the system change. Although a limited number of Allied Universal employees, myself included, have the ability to view and print iCIMS documents in read only mode, no employee is able to alter or edit any iCIMS documents without leaving a digital thumbprint.

11. In my position, I have access to electronic onboarding documents executed by new employees using the iCIMS system, including Plaintiff. In preparing this declaration, I reviewed Allied Universal's electronic onboarding records pertaining to Plaintiff. The information I reviewed was entered into and stored in Allied Universal's iCIMS system in the ordinary course of business at the time Plaintiff completed the forms in iCims in October 2017, October 2020, and March 2021. I have no reason to believe the information and electronic forms I reviewed are inaccurate in any way. To the contrary, I believe the forms maintained in iCIMS are accurate and secure for all employees, including Plaintiff.

12. Based on my review of Plaintiff's iCIMS records maintained by the Company, Plaintiff completed the forms through iCIMS in October 2017, October 2020, and March 2021. During that time, Plaintiff was presented with Allied Universal's Arbitration Agreements, and he entered his signature by checking the "Signature" box on the Agreements on

October 3, 2017 at 4:06 P.M.; October 26, 2020 at 4:57 P.M.; and March 22, 2021 at 4:35 P.M. Attached hereto as Exhibits A, B and C are true and correct copies of the Arbitration Agreements signed by Plaintiff. I have also checked the Company's records to determine if there is any record of Plaintiff subsequently opting out of the Arbitration Agreement (a process that is as simple as sending an email indicating the desire to opt out of the agreement) within 30 days after signature. There is no record of Plaintiff opting out.

13. I have also reviewed Plaintiff's signed Arbitration Agreements to determine if there is any evidence that someone else at Allied Universal accessed Plaintiff's Agreement and modified it somehow. I found no such indication. Based on my personal knowledge of iCIMS and the content of Plaintiff's iCIMS account, I unequivocally and with certainty indicate and represent that Plaintiff personally signed the Arbitration Agreement through the application of his electronic signatures on the Agreements on October 3, 2017 at 4:06 P.M.; October 26, 2020 at 4:57 P.M.; and March 22, 2021 at 4:35 P.M.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 9, 2026 in Holly Springs, NC.

Amy Reinhold

Amy Reinhold

# ARBITRATION POLICY AND AGREEMENT

## NON-UNION EMPLOYEES NOT FOR USE IN CALIFORNIA

In recognition that differences may arise during the employment relationship and/or as a result of the termination of that relationship, the Company has adopted this Arbitration Policy and Agreement to provide for the mutually agreed use of a streamlined and efficient arbitration process for the resolution of any such disputes as an alternative to litigating such claims in court. ***By continuing employment with the Company, you agree to the terms of this Agreement, unless you affirmatively opt out of the Agreement by returning the opt-out form provided at the end of this Agreement within 30 days of receipt of this Agreement.***

1. **Parties and Effective Date:** The Parties to this Arbitration Policy and Agreement (the "Agreement") are the undersigned Employee and Universal Services of America, LP, its subsidiaries, affiliates and related companies (including Allied Universal Security Services, Universal Protection Service LLC, Universal Protection Service LP, AlliedBarton Security Services LP, AlliedBarton Security Services LLC, Allied Universal Security Systems, Allied Universal Janitorial Services and Allied Universal Staffing Services), their officers, directors, agents, employees, parents, and their respective successors and assigns (collectively referred to as the "Company"). The Company and the Employee are collectively referred to herein as the Parties. The Effective Date of this Agreement is 30 days after the date this Agreement is received by the Employee.

2. **Arbitration Overview**: In arbitration, each side in the dispute presents its case, including evidence, to a neutral third party called an arbitrator, rather than a judge or jury. The arbitrator is either an attorney or a retired judge. You and the Company are entitled to be represented by your own legal counsel in the arbitration proceeding. After reviewing the evidence and considering the arguments of the Parties, the arbitrator makes a decision (also called an award) to resolve the dispute. The arbitrator's decision is final and binding, which means there is no trial by a judge or jury or appeal of the arbitrator's decision, except as provided by law.

3. **Claims Covered by this Agreement**: To the fullest extent authorized by law, the Parties mutually agree to the resolution by binding arbitration of all claims or causes of action that the Employee may have against the Company, or the Company against Employee, which could be brought in a court of law (collectively "claims"), unless otherwise set forth in this Agreement. The claims covered by this Arbitration Policy and Agreement include, but are not limited to, claims for breach of any contract (written or oral, express or implied)); fraud, misrepresentation, defamation, or any other tort claims; claims for discrimination and/or harassment; claims for wrongful termination; claims for retaliation; claims for non-ERISA-covered benefits (such as vacation, bonuses, etc.); claims for wages or other compensation, penalties or reimbursement of expenses; and, claims for violation of any law, statute, regulation, ordinance or common law, including, but not limited to, all claims arising under Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967, the Older Workers' Benefit Protection Act of 1990, the Americans with Disabilities Act, the Consolidated Omnibus Budget Reconciliation Act of 1985, the Fair Labor Standards Act, and any other applicable federal, state, or local laws relating to discrimination or retaliation in employment, occupational health and safety laws, employee confidentiality laws and/or wage and hour laws, whether currently in force or enacted hereafter.

All claims for permanent injunctive and/or other equitable relief shall be covered by this Arbitration Policy and Agreement. However, both parties retain the right to seek, in a court of competent jurisdiction, a temporary restraining order, preliminary injunction or other emergency/provisional injunctive relief, in order to protect their rights pending final resolution of any disputes in arbitration. This provision shall include, but is not limited to, disputes over the enforceability any

**EXHIBIT**
**A**

employment-related restrictive covenants, the disclosure of trade secrets or confidential/proprietary information, and/or the use of Company property or equipment.

Covered claims include any claim arising from incidents, facts, or circumstances occurring prior to the Effective Date of this Agreement, any claims that arise thereafter, and claims that are the subject of purported putative class, collective, consolidated, or representative action litigation brought by any other employee.

You may learn more about your legal rights by visiting websites hosted by federal and state governmental agencies. Current links to some of these federal websites are listed, although they are subject to change by the hosting agencies: www.nlrb.gov; www.dol.gov; and www.eeoc.gov.

Nothing in this Agreement shall be deemed to preclude or excuse a party from bringing an administrative claim before any agency in order to fulfill the party's obligation to exhaust administrative remedies before making a claim in arbitration.

4. **Claims Not Covered by the Policy and Agreement:** This Arbitration Policy and Agreement does not cover claims Employee may have for workers' compensation, unemployment compensation benefits, medical or other employee welfare or pension benefits under the Employee Retirement Income Security Act (ERISA), claims brought under the National Labor Relations Act, claims covered by an applicable collective bargaining agreement, or any other claims found not subject to mandatory arbitration by governing law. Additionally, nothing in this Arbitration Policy and Agreement precludes Employee from filing a charge or from participating in an administrative investigation of a charge before an appropriate government agency such as the Equal Employment Opportunity Commission, the National Labor Relations Board, or similar state or local agency. In addition, disputes that may not be subject to pre-dispute arbitration agreements as provided by the Dodd-Frank Wall Street Reform and Consumer Protection Act are excluded from the coverage of this Agreement.

**No Class Or Collective Action Claims**

**TO THE FULL EXTENT PERMITTED BY LAW, THE PARTIES AGREE THAT EACH MAY BRING AND PURSUE CLAIMS AGAINST THE OTHER ONLY IN THEIR INDIVIDUAL CAPACITIES, AND MAY NOT BRING, PURSUE, JOIN OR ACT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR COLLECTIVE PROCEEDING. THE PARTIES AGREE THAT A COURT, NOT THE ARBITRATOR, SHALL DETERMINE WHETHER ANY CLAIMS MUST PROCEED ON A CLASS OR COLLECTIVE BASIS. THE PARTIES EXPRESSLY AGREE THAT ANY CLASS OR COLELCTIVE CLAIMS THAT ARE FOUND NOT SUBJECT TO ARBITRATION UNDER THIS AGREEMENT SHALL BE RESOLVED IN COURT AND THAT IF ANY DISPUTE INVOLVES BOTH ARBITRABLE AND NON-ARBITRABLE CLAIMS, THE ARBITRABLE CLAIMS SHALL BE RESOLVED FIRST IN ARBITRATION AND ANY NON-ARBITRABLE CLAIM SHALL BE STAYED PENDING THE OUTCOME OF THE ARBITRATION.**

**No Representative Action Claims**

**TO THE FULL EXTENT PERMITTED BY LAW, THE PARTIES AGREE THAT EACH MAY BRING AND PURSUE CLAIMS AGAINST THE OTHER ONLY IN THEIR INDIVIDUAL CAPACITIES, AND MAY NOT BRING, PURSUE, JOIN OR ACT AS A PLAINTIFF IN ANY PURPORTED REPRESENTATIVE PROCEEDING. THE PARTIES AGREE THAT A COURT, NOT THE ARBITRATOR, SHALL DETERMINE WHETHER ANY CLAIMS MUST PROCEED ON A REPRESENTATIVE BASIS. THE PARTIES EXPRESSLY AGREE THAT ANY REPRESENTATIVE CLAIMS THAT ARE FOUND NOT SUBJECT TO ARBITRATION UNDER THIS AGREEMENT SHALL BE RESOLVED IN COURT AND THAT IF ANY DISPUTE INVOLVES BOTH ARBITRABLE AND NON-ARBITRABLE CLAIMS, THE ARBITRABLE CLAIMS SHALL BE RESOLVED FIRST IN**

**ARBITRATION AND ANY NON-ARBITRABLE CLAIM SHALL BE STAYED PENDING THE OUTCOME OF THE ARBITRATION.**

No remedies or defense that would otherwise be available to the parties individually in a court of law are being forfeited under this arbitration policy and agreement.

Notwithstanding the unavailability of class, representative, or collective arbitration under this Agreement, nothing herein is intended to limit your rights under the National Labor Relations Act, and you will not experience any retaliation for exercising such rights.

Any dispute concerning the validity or enforceability of this Agreement shall be resolved by a court of law. Any dispute over the arbitrability of any particular claim shall be resolved by a court of law. The interpretation and enforceability of this Agreement shall be governed by the Federal Arbitration Act.

To the extent that a court determines that any portion of this Agreement, including the class, collective and/or representative action waiver, is unenforceable, the Parties intend for the remainder of that provision and the Agreement as a whole to be enforced to the fullest extent permitted by law. However, the Parties expressly do not agree to the resolution of any class, collective or representative claim in arbitration. Therefore, in the event a court were to determine that the class, collective and/or representative action waiver of this Agreement is unenforceable, such class, collective or representative proceeding must be heard in a court of law. In no event may the arbitrator consolidate more than one individual's claims, or otherwise preside over any form of a class, collective, or representative proceeding. Any arbitration ruling by an arbitrator consolidating the disputes of two or more employees or allowing class or collective action arbitration would be contrary to the intent of this Arbitration Policy and Agreement.

5. **Required Notice of All Claims and Effort to Informally Resolve Dispute**: The party seeking to raise any claim(s) under this Arbitration Policy and Agreement must give written notice of the claim(s) to the other party. The written notice shall identify and describe the nature of all claims asserted and the general facts upon which such claims are based. An Employee shall provide the written notice to the Company's Employment Practices Group c/o Legal Services Group, via electronic mail at employmentpracticesgroup@aus.com or via United States Mail to:

Employment Practices Group

c/o Legal Services Group

Allied Universal

Eight Tower Bridge

161 Washington Street, Suite 600

Conshohocken, PA 19428

The party giving notice of a claim shall allow the other party 30 days to respond to allow for the possibility that the dispute may be capable of resolution without the need for arbitration. If the dispute is not resolved in this manner, the claiming party may proceed with the arbitration process under this Arbitration Policy and Agreement.

In an effort to promote informal resolution of any dispute, the Parties agree that any statute of limitations applicable to an asserted claim shall be tolled during the 30-day period (or for any such longer period agreed to in writing by the Parties) provided for informal resolution efforts as contemplated by this provision.

6. **Arbitration Procedures:**

(a) Applicable Rules.

Any arbitration under this Arbitration Policy and Agreement shall be conducted pursuant to the Employment Arbitration Rules of the American Arbitration Association ("AAA"). These Rules are available for review on the AAA website at www.adr.org. If Employee would like a copy of the Rules, Employee may request a copy by sending an electronic mail request to the Company's Employment Practices Group at employmentpracticesgroup@aus.com, or via written request to:

Employment Practices Group c/o Legal Services Group

Allied Universal

Eight Tower Bridge

161 Washington Street, Suite 600

Conshohocken, PA 19428

If there is any discrepancy between the AAA Rules and this Arbitration Policy and Agreement, this Arbitration Policy and Agreement shall prevail. The Parties may mutually agree to use a different but comparable arbitration service provider other than AAA.

The arbitration shall take place in the state and county where the Employee was hired to perform work, performs work or performed work for the Company, unless the Parties mutually agree to conduct the arbitration elsewhere.

(b) Selection of Neutral Arbitrator and Scope of Authority.

The arbitrator shall be a neutral arbitrator, selected by the agreement of the Parties, who has previous experience arbitrating employment law disputes. If the Parties cannot agree on a neutral arbitrator, Employee and the Company will use the strike and ranking method provided for under AAA rules.

The neutral arbitrator shall have exclusive authority to resolve any dispute covered by this Agreement. The arbitrator shall apply state and/or federal substantive law to determine issues of liability and damages regarding all claims to be arbitrated. The arbitrator is authorized to award any remedy or relief that would have been available to the Parties, in their individual capacity, had the matter been heard in court.

The arbitrator may not, however, add to or modify this Arbitration Policy and Agreement. No arbitrator shall have the authority to alter the at-will employment status of Employee or to impose any limit on the Company's discretion to discipline or discharge Employee, except as otherwise provided by law.

The same statute of limitations (except as modified in Section 5 herein), remedies, and defenses that would apply to and be available on a claim in court will apply to and be available on the claim in arbitration.

No arbitration award or decision will have any preclusive effect as to issues or claims in any dispute with anyone who is not a named party to the arbitration.

The Parties further agree that they shall have the right to bring a dispositive motion in arbitration (i.e., Motion to Dismiss, Motion for Judgment on the Pleadings, Motion for Summary Judgment, etc.) and that any such motion will be decided under the appropriate standards set forth in the Federal Rules of Civil Procedure.

(c) Discovery.

The Parties agree that reasonable discovery is essential to the just resolution of any claims which may be covered by this Arbitration Policy and Agreement. Accordingly, nothing in this Arbitration Policy and Agreement or in the AAA Rules shall be interpreted to limit the Parties' rights to reasonable discovery. Rather, reasonable discovery shall be allowed that is sufficient to ensure the adequate arbitration of any claims covered by this Arbitration Policy and Agreement. Generally, the Parties agree that reasonable discovery means up to three depositions per side, one set of requests for production of documents with up to 35 requests, and one set of interrogatories with up to 25 interrogatories. In the event that the Parties believe this scope of discovery is inadequate, the Parties shall meet and confer and try to reach agreement on the scope of discovery and the arbitrator shall have discretion to resolve any disagreement concerning the scope of discovery and to allow discovery determined by the arbitrator to be reasonably necessary to the just resolution of the dispute considering the streamlined nature and purpose of arbitration.

(d) Post-Hearing Briefs, Written Opinion and Award.

At the election of either party, the arbitrator shall direct the parties to submit post-hearing briefs within 30 days of the close of the arbitration hearing. The arbitrator shall issue a written opinion and award within 30 days following the deadline for submission of post-hearing briefs. The written opinion and award shall be signed and dated, and shall generally set forth the reasons for the arbitrator's decision. The arbitrator shall be permitted to award those remedies and damages that are available under applicable law and that would otherwise be available in a court of law. The arbitrator's decision regarding the claims shall be final and binding upon the Parties, unless a court of competent jurisdiction finds that the arbitrator manifestly disregarded the applicable law. The arbitrator's award shall be enforceable in any court having proper jurisdiction. Any party may be represented by an attorney or other representative. The Parties' appeal rights are governed by the Federal Arbitration Act.

(e) Arbitration Fees and Costs.

Employee will be required to pay a reasonable cost to initiate the arbitration equal to what Employee would be charged to initiate a lawsuit in state court in the county where the arbitration proceeding is pending. The Company shall pay all fees and costs that are unique to the arbitration process, including the arbitrator's fees. Employee shall not be required to pay any type or amount of expense if such requirement would invalidate this Agreement or would otherwise be contrary to the law as it exists at the time of the arbitration. The arbitration hearing is not required to be stenographically recorded, but may be at the option of either party. The party requesting the arbitration hearing to be stenographically recorded is responsible for paying for the court reporter's service.

Except as set forth above, each party shall pay its own attorneys' fees and costs. If, however, any party prevails on a statutory claim that affords the prevailing party attorneys' fees and costs, or if there is a written agreement providing for attorneys' fees and costs, the arbitrator may award reasonable fees and costs to the prevailing party in accordance with applicable law.

7. **Term of Agreement and Modification**: This Arbitration Policy and Agreement shall commence on the Effective Date and will remain in effect even after the termination of Employee's employment with the Company. However, the Parties may mutually agree, in writing, not to arbitrate any claim or dispute that otherwise may be covered by this Arbitration Policy and Agreement. Additionally, the Company may unilaterally modify or terminate this Arbitration Policy and Agreement at any time by providing 30 days' written notice. Any modification or termination shall not apply to any claim initiated by the undersigned Employee as to which written notice was given pursuant to Paragraph 5 prior to the expiration of this 30-day notice period, and any modification or termination similarly shall not apply to any claim by the Company against an Employee as to which written notice was given prior to the expiration of this 30-day notice period.

8. **Entire Agreement**: This is the complete agreement of the Parties on the subject of arbitration of disputes (except for any arbitration agreement that may exist in connection with any pension or benefit plan). This Agreement supersedes any prior or contemporaneous oral or written understanding on the subject. No party is relying on any promises, oral or written, on the subject of the effect, enforceability, or meaning of this Agreement, except as specifically set forth in this Agreement. As of the Effective Date, this Agreement constitutes a binding contract between the Parties.

9. **Construction of Agreement**: If any provision of this Arbitration Policy and Agreement is adjudged to be void, or otherwise unenforceable, in whole or in part, such a decision shall not affect the validity of the remainder of this Arbitration Policy and Agreement. In such a case, this Arbitration Policy and Agreement shall be reformed to the extent necessary to carry out its provisions to the greatest extent possible under the Federal Arbitration Act, and to ensure that the resolution of any and all conflicts between the Parties be resolved by neutral, binding arbitration. The Parties agree that if any provision of the Agreement is found to be unenforceable, such provision shall be severed from the Agreement and the remainder of the Agreement enforced to the full extent permitted by law.

10. **Waiver of Trial By Judge Or Jury**: The Parties understand and fully agree that by entering into this Agreement providing for binding arbitration, they are giving up their right to have a trial in front of a judge or jury. The Parties anticipate that by entering this Agreement they will gain the benefits of a speedy, impartial dispute resolution procedure.

11. **Not an Employment Contract**: This Arbitration Policy and Agreement is not, and shall not be construed to create, a separate contract of employment, express or implied, nor shall this Arbitration Policy and Agreement be construed in any way to change the relationship between the Company and Employee from that of at-will employment.

12. **Consideration**: The Parties agree and promise to resolve the claims covered in this Agreement by arbitration. These mutual promises are consideration for each party.

**Acknowledgment of Receipt of arbitration policy and agreement**

I, the undersigned employee, acknowledge that I have received a copy of the Company's Arbitration Policy and Agreement (the "Agreement"). I understand that I am bound by the terms of this Agreement, unless I affirmatively opt-out of the Agreement within 30 days of my receipt of the Agreement by completing and returning the Election to Opt-Out of Arbitration Policy and Agreement form provided to me along with the Agreement. By my signature below, I acknowledge that I have had an opportunity to read the Agreement, that I have had an opportunity to ask questions about the Agreement, and that I understand the Agreement.

---

☑ I agree ☐ I Opt Out of Arbitration Policy

☑ **Employee Signature** Tony Holloway 10/3/2017 4:06 PM
(checking the checkbox above is equivalent to a handwritten signature)

# ARBITRATION POLICY AND AGREEMENT

**(Revised: August 19, 2019)**

In recognition that differences may arise during the employment relationship and/or as a result of the termination of that relationship, the "Company" (defined in Section 1) has adopted this Arbitration Policy and Agreement ("Agreement"), effective as of the revision date above, to provide for the mutually-agreed use of a streamlined and efficient arbitration process for the resolution of any such disputes as an alternative to litigating such claims in court.

The Company and you agree as follows:

1. **Parties and Effective Date:** The "Company" means Universal Services of America, LP; and its subsidiaries, affiliates, and related companies, and their successors and assigns. The Company specifically includes, but is not limited to, the following entities: Allied Universal Security Services; Universal Protection Service LLC; Universal Protection Service LP; Universal Building Maintenance, LLC; Universal Thrive Technologies, LLC; Universal Protection Security Systems, LP; AlliedBarton Security Services (NC) LLC; Peoplemark, LLC; Allied Universal Security Systems; Allied Universal Janitorial Services; Allied Universal Staffing Services; U.S. Security Associates, Inc.; Andrews International Government Services, Inc.; Staff Pro, Inc.; Securadyne Systems, LLC; SFI Electronics, LLC; and UPS Seattle, LLC. You are referred to herein as the "Employee." The Company and the Employee are collectively referred to herein as the "Parties." This Agreement is effective as of the date that the Employee receives it (the "Effective Date"), but it shall not be binding on either Party if the Employee timely elects to Opt Out as described in Section 3.

2. **Arbitration Overview**: In arbitration, each side in the dispute presents its case, including evidence, to a neutral third party called an arbitrator, rather than a judge or jury. The arbitrator is either an attorney or a retired judge. During the arbitration proceeding, you are entitled to be represented by your own legal counsel in the arbitration proceeding, just as the Company is entitled to be represented by its own legal counsel. After reviewing the evidence and considering the arguments of the Parties, the arbitrator makes a decision (also called an award) to resolve the dispute. The arbitrator's decision is final and binding, which means there is no trial by a judge or jury or appeal of the arbitrator's decision, except as provided by law.

3. **Opt-Out Rights; Acceptance**: Arbitration is not a mandatory condition of employment with the Company. You have 30 calendar days after receiving this Agreement to opt out of arbitration (the "Deadline"). Opting out means that you do not want to be bound by this Agreement and do not want to arbitrate any claims you or the Company may have against each other. If you opt out by the Deadline, neither you nor the Company will be bound by this Agreement.

   To opt out, you must provide notice to the Company by the Deadline, in writing, of your desire to opt out of arbitration, which writing must be dated, signed and delivered by either: (1) electronic mail to newhire@aus.com, or (2) by certified mail, postage prepaid and return receipt requested, or by any nationally recognized delivery service (e.g, UPS, Federal Express, etc.) that is addressed to:

   Allied Universal<br>c/o Corporate HR Manager<br>1551 N. Tustin Ave, Suite 650<br>Santa Ana, CA 92705

   In order to be effective, (a) the writing must clearly indicate your intent to opt out of this Agreement, (b) the writing must include your name, phone number, email address, and employee ID, and (c) the email or envelope containing the signed writing must be sent by the Deadline. If you are emailing your intent to opt-out, you must send it from the same email

**EXHIBIT B**

address you used to either submit your application or complete the onboarding process.

If you do not opt out of this Agreement by the Deadline, continuing your employment after receiving this Agreement constitutes mutual acceptance of the terms of this Agreement by you and the Company, and binding arbitration will be the sole method by which disputes between you and Company are resolved, except to the extent set forth herein. You have the right to consult with counsel of your choice concerning this Agreement.

If you have previously agreed to an arbitration provision with the Company, you may opt out of any revisions to your prior arbitration agreement made by this Agreement in the manner specified in this section, but opting out of this arbitration provision has no effect on any previous, other, or future arbitration agreements that you may have with the Company.

4. **Claims Covered by this Agreement:** To the fullest extent authorized by law, the Parties mutually agree to the resolution by binding arbitration of all claims or causes of action that the Employee may have against the Company, or the Company against the Employee, which could be brought in a court of law, unless otherwise set forth in this Agreement. Examples of claims covered by this Arbitration Policy and Agreement specifically include, but are not limited to, claims for breach of any contract (written or oral, express or implied); fraud, misrepresentation, defamation, or any other tort claims; claims for discrimination and/or harassment; claims for wrongful termination; claims relating to any offers, promotions, or transfers made by the Company; claims for retaliation; claims for non-ERISA-covered benefits (such as vacation, bonuses, etc.); claims for wages or other compensation, penalties or reimbursement of expenses; breaks and rest period claims; claims relating to background checks; and claims for violation of any law, statute, regulation, ordinance or common law, including, but not limited to, all claims arising under Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967; the Older Workers' Benefit Protection Act of 1990; the Americans with Disabilities Act; the Family and Medical Leave Act; the Consolidated Omnibus Budget Reconciliation Act of 1985; the Fair Labor Standards Act; and any other applicable federal, state, or local laws relating to discrimination in employment, leave, and/or wage and hour laws, whether currently in force or enacted hereafter.

   All claims for permanent injunctive and/or other equitable relief shall be covered by this Arbitration Policy and Agreement. However, both Parties retain the right to seek, in a court of competent jurisdiction, a temporary restraining order, preliminary injunction or other emergency/provisional injunctive relief, in order to protect their rights pending final resolution of any disputes in arbitration. This provision includes, but is not limited to, disputes over the enforceability of any employment-related restrictive covenants, the disclosure of trade secrets or confidential/proprietary information, and defamation.

   Covered claims include any claim arising from incidents, facts, or circumstances occurring prior to the Effective Date of this Agreement; any claims that arise thereafter; and claims that are the subject of purported putative class, collective, consolidated, or representative action litigation brought by any other employee.

   The Parties also agree that this Agreement is intended to benefit certain third parties. To that end, claims covered by this Agreement also include any claim or cause of action that the Employee may have against the Company's former or current clients (and their employees, contractors, representatives, or agents), customers, vendors, employees, contractors, directors, officers, shareholders, or other agents, or that the Company may have against the Employee's former or current business partners or other agents, where such claims arise out of or are in any way related to the Employee's employment with the Company. Such third parties have the right to demand arbitration under the terms and conditions of this Agreement.

   You may learn more about your legal rights by visiting websites hosted by federal, state, and

local governmental agencies. Current links to some of these federal websites are listed, although they are subject to change by the hosting agencies: www.nlrb.gov, www.dol.gov, and www.eeoc.gov.

Nothing in this Agreement shall be deemed to preclude or excuse a Party from bringing an administrative claim before any agency in order to fulfill the Party's obligation to exhaust administrative remedies before making a claim in arbitration.

5. **No Class or Collective Action Claims:** To the fullest extent permitted by law, the Parties agree that each may bring and pursue claims against the other only in their individual capacities, and may not bring, pursue, join or act as a plaintiff or class member in any purported class or collective proceeding.

   The Parties agree that any challenges to this section must be presented before a court, not an Arbitrator. If a court determines that any portion of this section is not enforceable, the Parties agree that any class or collective action that is allowed to proceed must proceed in a court, not in Arbitration.

   If a court determines that any portion of this section is not enforceable and that therefore a class or collective action must proceed in court, the Parties agree that any remaining individual claims otherwise covered by this Agreement must be arbitrated, and that the non-arbitrable class or collective claims would be stayed in Court pending the completion of the arbitration.

6. **Rules For California Employees Relating to Representative and PAGA claims:** This Agreement does not apply to or compel the arbitration of claims brought under California's Private Attorney General Act of 2014, California Labor Code Sections 2699 et seq. ("PAGA Claims"). Notwithstanding any other provision in this Agreement to the contrary, PAGA Claims must be pursued in the appropriate court of law. The Parties agree that the arbitrator may not consolidate more than one individual's claims, and may not otherwise preside over any form of representative proceeding, including, but not limited to, any representative action under California Business and Professions Code Sections 17200 et seq. If either Party has non-PAGA Claims against the other Party, then the Parties agree that those non-PAGA Claims must first be pursued in arbitration, regardless of which claims or actions were filed first. The pending court PAGA action shall be stayed pending full and final resolution of the arbitration pursuant to California Code of Civil Procedure Section 1281.2 and related law.

7. **Severability:** If a court determines that any portion of this Agreement, including the class, collective and/or representative action waiver, is unenforceable, the Parties intend for the remainder of that provision and the Agreement to be enforced to the fullest extent permitted by law. However, the Parties expressly do not agree to the resolution of any class, collective or representative claim in arbitration. Therefore, in the event a court were to determine that the class, collective and/or representative action waiver of this Agreement is unenforceable, such class, collective or representative proceeding must be heard in a court of law. In no event may the arbitrator consolidate more than one individual's claims or otherwise preside over any form of a class, collective, or representative proceeding. Any arbitration ruling by an arbitrator consolidating the disputes of two or more employees or allowing class or collective action arbitration would be contrary to the intent of this Agreement.

8. **Claims Not Covered by this Agreement:** This Agreement does not cover claims the Employee may have for workers' compensation, unemployment compensation benefits, medical or other employee welfare or pension benefits under the Employee Retirement Income Security Act (ERISA), claims brought under the National Labor Relations Act, claims covered by an applicable collective bargaining agreement, or any other claims found not subject to mandatory arbitration by governing law. Additionally, nothing in this Arbitration Policy and Agreement precludes Employee from filing a charge or from participating in an administrative

investigation of a charge before an appropriate government agency such as the Equal Employment Opportunity Commission, the Occupational Safety and Health Administration, the National Labor Relations Board, or similar state or local agency. Moreover, disputes that may not be subject to pre-dispute arbitration agreements as provided by the Dodd-Frank Wall Street Reform and Consumer Protection Act are excluded from the coverage of this Agreement. Additionally, this Agreement does not apply to claims involving an employee who is covered by a collective bargaining agreement at the time the dispute arises or is filed.

9. **Non-Waiver of Rights**: No remedies or defenses that would otherwise be available to the Parties individually in a court of law are being forfeited under this Arbitration Policy and Agreement. Notwithstanding the unavailability of class, representative, or collective arbitration under this Agreement, nothing herein is intended to limit your rights under the National Labor Relations Act, and you will not experience any retaliation for exercising such rights.

10. **Interpretation; Governing Law:** Any dispute concerning the validity or enforceability of this Agreement shall be resolved by a court of law. Any dispute over the arbitrability of any particular claim shall be resolved by a court of law. The interpretation and enforceability of this Agreement shall be governed by the Federal Arbitration Act.

11. **Arbitration Procedures:**

    a. Applicable Rules.

    Any arbitration under this Arbitration Policy and Agreement shall be conducted pursuant to the Employment Arbitration Rules of JAMS. These Rules are available for review on JAMS website at www.jamsadr.com. If the Employee would like a copy of the Rules, the Employee may request a copy by sending an electronic mail request to the Company's Employment Practices Group at employmentpracticesgroup@aus.com, or via written request to:

    Employment Practices Group c/o Legal Services Group
    Allied Universal
    Eight Tower Bridge
    161 Washington Street, Suite 600
    Conshohocken, PA 19428

    If there is any discrepancy between JAMS Rules and this Arbitration Policy and Agreement, this Arbitration Policy and Agreement shall prevail. The Parties may mutually agree to use a different but comparable arbitration service provider other than JAMS.

    The arbitration shall take place in the state and county where the Employee was hired to perform work, performs work or performed work for the Company, unless the Parties mutually agree to conduct the arbitration elsewhere.

    b. Selection of Neutral Arbitrator and Scope of Authority.

    The arbitrator shall be a neutral arbitrator, selected by the agreement of the Parties, who has previous experience arbitrating employment law disputes. If the Parties cannot agree on a neutral arbitrator, the Employee and the Company will use the strike and ranking method provided for under JAMS rules.

    The neutral arbitrator shall have exclusive authority to resolve any dispute covered by this Agreement.

The arbitrator shall apply state and/or federal substantive law to determine issues of liability and damages regarding all claims to be arbitrated. The arbitrator is authorized to award any remedy or relief that would have been available to the Parties, in their individual capacity, had the matter been heard in court.

The arbitrator may not, however, add to or modify this Arbitration Policy and Agreement. No arbitrator shall have the authority to alter the at-will employment status of the Employee or to impose any limit on the Company's discretion to discipline or discharge the Employee, except as otherwise provided by law.

The same statutes of limitations, remedies, and defenses that would apply to and be available in a claim in court will apply to and be available on the claim in arbitration.

No arbitration award or decision will have any preclusive effect as to issues or claims in any dispute with anyone who is not a named party to the arbitration.

The Parties further agree that they shall have the right to bring a dispositive motion in arbitration (e.g., Motion to Dismiss, Motion for Judgment on the Pleadings, Motion for Summary Judgment, etc.) and that any such motion will be decided under the appropriate standards set forth in the Federal Rules of Civil Procedure.

c. Discovery.

The Parties agree that reasonable discovery is essential to the just resolution of any claims which may be covered by this Arbitration Policy and Agreement. Accordingly, nothing in this Arbitration Policy and Agreement or in the JAMS Rules shall be interpreted to limit the Parties' rights to reasonable discovery. Rather, reasonable discovery shall be allowed that is sufficient to ensure the adequate arbitration of any claims covered by this Arbitration Policy and Agreement. Generally, the Parties agree that reasonable discovery means up to three depositions per side, one set of requests for production of documents with up to 35 requests, and one set of interrogatories with up to 25 interrogatories. In the event that the Parties believe this scope of discovery is inadequate, the Parties shall meet and confer and try to reach agreement on the scope of discovery and the arbitrator shall have discretion to resolve any disagreement concerning the scope of discovery and to allow discovery determined by the arbitrator to be reasonably necessary to the just resolution of the dispute considering the streamlined nature and purpose of arbitration.

d. Post-Hearing Briefs, Written Opinion and Award.

At the election of either Party, the arbitrator shall direct the Parties to submit post-hearing briefs within 30 days of the close of the arbitration hearing. The arbitrator shall issue a written opinion and award within 30 days following the deadline for submission of post-hearing briefs. The written opinion and award shall be signed and dated, and shall generally set forth the reasons for the arbitrator's decision. The arbitrator shall be permitted to award those remedies and damages that are available under applicable law and that would otherwise be available in a court of law. The arbitrator's decision regarding the claims shall be final and binding upon the Parties, unless a court of competent jurisdiction finds that the arbitrator manifestly disregarded the applicable law. The arbitrator's award shall be enforceable in any court having proper jurisdiction. Any Party may be represented by an attorney or other representative. The Parties' appeal rights are governed by the Federal Arbitration Act.

e. Arbitration Fees and Costs.

The Employee will be required to pay a reasonable cost to initiate the arbitration equal to what the Employee would be charged to initiate a lawsuit in state court in the county where the arbitration proceeding is pending. The Company shall pay all fees and costs that are unique to the arbitration process, including the arbitrator's fees. The Employee shall not be required to pay any type or amount of expense if such requirement would invalidate this Agreement or would otherwise be contrary to the law as it exists at the time of the arbitration. The arbitration hearing is not required to be stenographically recorded, but may be at the option of either Party. The Party requesting the arbitration hearing to be stenographically recorded is responsible for paying for the court reporter's service.

Except as set forth above, each Party shall pay its own attorneys' fees and costs. If, however, any Party prevails on a statutory claim that affords the prevailing Party attorneys' fees and costs, or if there is a written agreement providing for attorneys' fees and costs, the arbitrator may award reasonable fees and costs to the prevailing Party in accordance with applicable law.

12. **Term of Agreement and Modification:** This Arbitration Policy and Agreement shall remain in effect even after the termination of the Employee's employment with the Company. However, the Parties may mutually agree, in writing, not to arbitrate any claim or dispute that otherwise may be covered by this Arbitration Policy and Agreement. The Parties may also mutually agree, in writing, to modify the rules or conditions relating to any arbitration arising from this Agreement. Additionally, the Company reserves the right to modify this Agreement at any time, provided that any such unilateral modification will only take effect 30 days after notice is given to the Employee. Any such modification will have prospective effect only, and will not alter the terms of this Agreement with respect to any claim arising prior to the effective date of the modification.

13. **Entire Agreement:** This is the complete agreement of the Parties on the subject of arbitration of disputes (except for any arbitration agreement that may exist in connection with any pension or benefit plan). This Agreement supersedes any prior or contemporaneous oral or written understanding on the subject. No Party is relying on any promises, oral or written, on the subject of the effect, enforceability, or meaning of this Agreement, except as specifically set forth in this Agreement. However, if the Employee chooses to Opt-Out of this Agreement prior to the Deadline, any prior agreement between the Parties mandating arbitration will continue to be enforced.

14. **Waiver of Trial By Judge Or Jury:** The Parties understand and fully agree that by entering into this Agreement providing for binding arbitration, they are giving up their right to have a trial in front of a judge or jury. The Parties anticipate that by entering this Agreement they will gain the benefits of a speedy, impartial dispute resolution procedure.

15. **Not an Employment Contract:** This Arbitration Policy and Agreement is not, and shall not be construed to create, a separate contract of employment, express or implied, nor shall this Arbitration Policy and Agreement be construed in any way to change the relationship between the Company and the Employee from that of at-will employment.

16. **Consideration:** The Parties agree and promise to resolve the claims covered in this Agreement by arbitration. In addition to the at-will employment being offered and/or provided by the Company, these mutual promises are consideration for each Party.

17. **Copies of this Agreement:** You are encouraged to print or save a copy of this Agreement for your own records. Current versions of this Agreement are also available online through eHub, and this version of the Agreement can be provided to you upon written request to Human

Resources.

**Acknowledgment of Receipt of arbitration policy and agreement**

I, the undersigned employee, acknowledge that I have received a copy of the Company's Arbitration Policy and Agreement (the "Agreement"), in effect as of August 19, 2019. I understand that I am bound by the terms of the Agreement, unless I affirmatively opt-out of the Agreement within 30 days of my receipt of the Agreement in the manner described in Section 3 of the Agreement.

By my electronic signature below, I acknowledge that I have had an opportunity to read the Agreement, that I have had an opportunity to ask questions about the Agreement, and that I understand the Agreement. I further acknowledge that I understand how to obtain this Agreement for later reference.

I also acknowledge that I understand and can read English. If I do not read and understand English, I agree that I will not proceed with this onboarding and will instead email newhire@aus.com immediately to request Spanish-language translations of these documents. I understand that oral requests may not be honored.

Yo támbien reconozco que puedo entender y leer inglés. Si yo no puedo leer o entender inglés, yo acepto que no procederé con este proceso y que envíare un correo electronico a newhire@aus.com immediatamente para peticionar traducciones en español de estos documentos. Yo entiendo que peticiones orales no seran honoradas.

☑ **Employee Signature** Tony Holloway 10/26/2020 4:57 PM
(checking the checkbox above is equivalent to a handwritten signature)

# ARBITRATION POLICY AND AGREEMENT

## (Revised: August 19, 2019)

In recognition that differences may arise during the employment relationship and/or as a result of the termination of that relationship, the "Company" (defined in Section 1) has adopted this Arbitration Policy and Agreement ("Agreement"), effective as of the revision date above, to provide for the mutually-agreed use of a streamlined and efficient arbitration process for the resolution of any such disputes as an alternative to litigating such claims in court.

The Company and you agree as follows:

1. **Parties and Effective Date:** The "Company" means Universal Services of America, LP; and its subsidiaries, affiliates, and related companies, and their successors and assigns. The Company specifically includes, but is not limited to, the following entities: Allied Universal Security Services; Universal Protection Service LLC; Universal Protection Service LP; Universal Building Maintenance, LLC; Universal Thrive Technologies, LLC; Universal Protection Security Systems, LP; AlliedBarton Security Services (NC) LLC; Peoplemark, LLC; Allied Universal Security Systems; Allied Universal Janitorial Services; Allied Universal Staffing Services; U.S. Security Associates, Inc.; Andrews International Government Services, Inc.; Staff Pro, Inc.; Securadyne Systems, LLC; SFI Electronics, LLC; and UPS Seattle, LLC. You are referred to herein as the "Employee." The Company and the Employee are collectively referred to herein as the "Parties." This Agreement is effective as of the date that the Employee receives it (the "Effective Date"), but it shall not be binding on either Party if the Employee timely elects to Opt Out as described in Section 3.

2. **Arbitration Overview**: In arbitration, each side in the dispute presents its case, including evidence, to a neutral third party called an arbitrator, rather than a judge or jury. The arbitrator is either an attorney or a retired judge. During the arbitration proceeding, you are entitled to be represented by your own legal counsel in the arbitration proceeding, just as the Company is entitled to be represented by its own legal counsel. After reviewing the evidence and considering the arguments of the Parties, the arbitrator makes a decision (also called an award) to resolve the dispute. The arbitrator's decision is final and binding, which means there is no trial by a judge or jury or appeal of the arbitrator's decision, except as provided by law.

3. **Opt-Out Rights; Acceptance**: Arbitration is not a mandatory condition of employment with the Company. You have 30 calendar days after receiving this Agreement to opt out of arbitration (the "Deadline"). Opting out means that you do not want to be bound by this Agreement and do not want to arbitrate any claims you or the Company may have against each other. If you opt out by the Deadline, neither you nor the Company will be bound by this Agreement.

   To opt out, you must provide notice to the Company by the Deadline, in writing, of your desire to opt out of arbitration, which writing must be dated, signed and delivered by either: (1) electronic mail to newhire@aus.com, or (2) by certified mail, postage prepaid and return receipt requested, or by any nationally recognized delivery service (e.g, UPS, Federal Express, etc.) that is addressed to:

   Allied Universal<br>c/o Corporate HR Manager<br>1551 N. Tustin Ave, Suite 650<br>Santa Ana, CA 92705

   In order to be effective, (a) the writing must clearly indicate your intent to opt out of this Agreement, (b) the writing must include your name, phone number, email address, and employee ID, and (c) the email or envelope containing the signed writing must be sent by the Deadline. If you are emailing your intent to opt-out, you must send it from the same email

**EXHIBIT C**

address you used to either submit your application or complete the onboarding process.

If you do not opt out of this Agreement by the Deadline, continuing your employment after receiving this Agreement constitutes mutual acceptance of the terms of this Agreement by you and the Company, and binding arbitration will be the sole method by which disputes between you and Company are resolved, except to the extent set forth herein. You have the right to consult with counsel of your choice concerning this Agreement.

If you have previously agreed to an arbitration provision with the Company, you may opt out of any revisions to your prior arbitration agreement made by this Agreement in the manner specified in this section, but opting out of this arbitration provision has no effect on any previous, other, or future arbitration agreements that you may have with the Company.

4. **Claims Covered by this Agreement:** To the fullest extent authorized by law, the Parties mutually agree to the resolution by binding arbitration of all claims or causes of action that the Employee may have against the Company, or the Company against the Employee, which could be brought in a court of law, unless otherwise set forth in this Agreement. Examples of claims covered by this Arbitration Policy and Agreement specifically include, but are not limited to, claims for breach of any contract (written or oral, express or implied); fraud, misrepresentation, defamation, or any other tort claims; claims for discrimination and/or harassment; claims for wrongful termination; claims relating to any offers, promotions, or transfers made by the Company; claims for retaliation; claims for non-ERISA-covered benefits (such as vacation, bonuses, etc.); claims for wages or other compensation, penalties or reimbursement of expenses; breaks and rest period claims; claims relating to background checks; and claims for violation of any law, statute, regulation, ordinance or common law, including, but not limited to, all claims arising under Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967; the Older Workers' Benefit Protection Act of 1990; the Americans with Disabilities Act; the Family and Medical Leave Act; the Consolidated Omnibus Budget Reconciliation Act of 1985; the Fair Labor Standards Act; and any other applicable federal, state, or local laws relating to discrimination in employment, leave, and/or wage and hour laws, whether currently in force or enacted hereafter.

   All claims for permanent injunctive and/or other equitable relief shall be covered by this Arbitration Policy and Agreement. However, both Parties retain the right to seek, in a court of competent jurisdiction, a temporary restraining order, preliminary injunction or other emergency/provisional injunctive relief, in order to protect their rights pending final resolution of any disputes in arbitration. This provision includes, but is not limited to, disputes over the enforceability of any employment-related restrictive covenants, the disclosure of trade secrets or confidential/proprietary information, and defamation.

   Covered claims include any claim arising from incidents, facts, or circumstances occurring prior to the Effective Date of this Agreement; any claims that arise thereafter; and claims that are the subject of purported putative class, collective, consolidated, or representative action litigation brought by any other employee.

   The Parties also agree that this Agreement is intended to benefit certain third parties. To that end, claims covered by this Agreement also include any claim or cause of action that the Employee may have against the Company's former or current clients (and their employees, contractors, representatives, or agents), customers, vendors, employees, contractors, directors, officers, shareholders, or other agents, or that the Company may have against the Employee's former or current business partners or other agents, where such claims arise out of or are in any way related to the Employee's employment with the Company. Such third parties have the right to demand arbitration under the terms and conditions of this Agreement.

   You may learn more about your legal rights by visiting websites hosted by federal, state, and

local governmental agencies. Current links to some of these federal websites are listed, although they are subject to change by the hosting agencies: www.nlrb.gov, www.dol.gov, and www.eeoc.gov.

Nothing in this Agreement shall be deemed to preclude or excuse a Party from bringing an administrative claim before any agency in order to fulfill the Party's obligation to exhaust administrative remedies before making a claim in arbitration.

5. **No Class or Collective Action Claims:** To the fullest extent permitted by law, the Parties agree that each may bring and pursue claims against the other only in their individual capacities, and may not bring, pursue, join or act as a plaintiff or class member in any purported class or collective proceeding.

   The Parties agree that any challenges to this section must be presented before a court, not an Arbitrator. If a court determines that any portion of this section is not enforceable, the Parties agree that any class or collective action that is allowed to proceed must proceed in a court, not in Arbitration.

   If a court determines that any portion of this section is not enforceable and that therefore a class or collective action must proceed in court, the Parties agree that any remaining individual claims otherwise covered by this Agreement must be arbitrated, and that the non-arbitrable class or collective claims would be stayed in Court pending the completion of the arbitration.

6. **Rules For California Employees Relating to Representative and PAGA claims:** This Agreement does not apply to or compel the arbitration of claims brought under California's Private Attorney General Act of 2014, California Labor Code Sections 2699 et seq. ("PAGA Claims"). Notwithstanding any other provision in this Agreement to the contrary, PAGA Claims must be pursued in the appropriate court of law. The Parties agree that the arbitrator may not consolidate more than one individual's claims, and may not otherwise preside over any form of representative proceeding, including, but not limited to, any representative action under California Business and Professions Code Sections 17200 et seq. If either Party has non-PAGA Claims against the other Party, then the Parties agree that those non-PAGA Claims must first be pursued in arbitration, regardless of which claims or actions were filed first. The pending court PAGA action shall be stayed pending full and final resolution of the arbitration pursuant to California Code of Civil Procedure Section 1281.2 and related law.

7. **Severability:** If a court determines that any portion of this Agreement, including the class, collective and/or representative action waiver, is unenforceable, the Parties intend for the remainder of that provision and the Agreement to be enforced to the fullest extent permitted by law. However, the Parties expressly do not agree to the resolution of any class, collective or representative claim in arbitration. Therefore, in the event a court were to determine that the class, collective and/or representative action waiver of this Agreement is unenforceable, such class, collective or representative proceeding must be heard in a court of law. In no event may the arbitrator consolidate more than one individual's claims or otherwise preside over any form of a class, collective, or representative proceeding. Any arbitration ruling by an arbitrator consolidating the disputes of two or more employees or allowing class or collective action arbitration would be contrary to the intent of this Agreement.

8. **Claims Not Covered by this Agreement:** This Agreement does not cover claims the Employee may have for workers' compensation, unemployment compensation benefits, medical or other employee welfare or pension benefits under the Employee Retirement Income Security Act (ERISA), claims brought under the National Labor Relations Act, claims covered by an applicable collective bargaining agreement, or any other claims found not subject to mandatory arbitration by governing law. Additionally, nothing in this Arbitration Policy and Agreement precludes Employee from filing a charge or from participating in an administrative

investigation of a charge before an appropriate government agency such as the Equal Employment Opportunity Commission, the Occupational Safety and Health Administration, the National Labor Relations Board, or similar state or local agency. Moreover, disputes that may not be subject to pre-dispute arbitration agreements as provided by the Dodd-Frank Wall Street Reform and Consumer Protection Act are excluded from the coverage of this Agreement. Additionally, this Agreement does not apply to claims involving an employee who is covered by a collective bargaining agreement at the time the dispute arises or is filed.

9. **Non-Waiver of Rights**: No remedies or defenses that would otherwise be available to the Parties individually in a court of law are being forfeited under this Arbitration Policy and Agreement. Notwithstanding the unavailability of class, representative, or collective arbitration under this Agreement, nothing herein is intended to limit your rights under the National Labor Relations Act, and you will not experience any retaliation for exercising such rights.

10. **Interpretation; Governing Law:** Any dispute concerning the validity or enforceability of this Agreement shall be resolved by a court of law. Any dispute over the arbitrability of any particular claim shall be resolved by a court of law. The interpretation and enforceability of this Agreement shall be governed by the Federal Arbitration Act.

11. **Arbitration Procedures:**

    a. Applicable Rules.

    Any arbitration under this Arbitration Policy and Agreement shall be conducted pursuant to the Employment Arbitration Rules of JAMS. These Rules are available for review on JAMS website at www.jamsadr.com. If the Employee would like a copy of the Rules, the Employee may request a copy by sending an electronic mail request to the Company's Employment Practices Group at employmentpracticesgroup@aus.com, or via written request to:

    Employment Practices Group c/o Legal Services Group
    Allied Universal
    Eight Tower Bridge
    161 Washington Street, Suite 600
    Conshohocken, PA 19428

    If there is any discrepancy between JAMS Rules and this Arbitration Policy and Agreement, this Arbitration Policy and Agreement shall prevail. The Parties may mutually agree to use a different but comparable arbitration service provider other than JAMS.

    The arbitration shall take place in the state and county where the Employee was hired to perform work, performs work or performed work for the Company, unless the Parties mutually agree to conduct the arbitration elsewhere.

    b. Selection of Neutral Arbitrator and Scope of Authority.

    The arbitrator shall be a neutral arbitrator, selected by the agreement of the Parties, who has previous experience arbitrating employment law disputes. If the Parties cannot agree on a neutral arbitrator, the Employee and the Company will use the strike and ranking method provided for under JAMS rules.

    The neutral arbitrator shall have exclusive authority to resolve any dispute covered by this Agreement.

The arbitrator shall apply state and/or federal substantive law to determine issues of liability and damages regarding all claims to be arbitrated. The arbitrator is authorized to award any remedy or relief that would have been available to the Parties, in their individual capacity, had the matter been heard in court.

The arbitrator may not, however, add to or modify this Arbitration Policy and Agreement. No arbitrator shall have the authority to alter the at-will employment status of the Employee or to impose any limit on the Company's discretion to discipline or discharge the Employee, except as otherwise provided by law.

The same statutes of limitations, remedies, and defenses that would apply to and be available in a claim in court will apply to and be available on the claim in arbitration.

No arbitration award or decision will have any preclusive effect as to issues or claims in any dispute with anyone who is not a named party to the arbitration.

The Parties further agree that they shall have the right to bring a dispositive motion in arbitration (e.g., Motion to Dismiss, Motion for Judgment on the Pleadings, Motion for Summary Judgment, etc.) and that any such motion will be decided under the appropriate standards set forth in the Federal Rules of Civil Procedure.

c. Discovery.

The Parties agree that reasonable discovery is essential to the just resolution of any claims which may be covered by this Arbitration Policy and Agreement. Accordingly, nothing in this Arbitration Policy and Agreement or in the JAMS Rules shall be interpreted to limit the Parties' rights to reasonable discovery. Rather, reasonable discovery shall be allowed that is sufficient to ensure the adequate arbitration of any claims covered by this Arbitration Policy and Agreement. Generally, the Parties agree that reasonable discovery means up to three depositions per side, one set of requests for production of documents with up to 35 requests, and one set of interrogatories with up to 25 interrogatories. In the event that the Parties believe this scope of discovery is inadequate, the Parties shall meet and confer and try to reach agreement on the scope of discovery and the arbitrator shall have discretion to resolve any disagreement concerning the scope of discovery and to allow discovery determined by the arbitrator to be reasonably necessary to the just resolution of the dispute considering the streamlined nature and purpose of arbitration.

d. Post-Hearing Briefs, Written Opinion and Award.

At the election of either Party, the arbitrator shall direct the Parties to submit post-hearing briefs within 30 days of the close of the arbitration hearing. The arbitrator shall issue a written opinion and award within 30 days following the deadline for submission of post-hearing briefs. The written opinion and award shall be signed and dated, and shall generally set forth the reasons for the arbitrator's decision. The arbitrator shall be permitted to award those remedies and damages that are available under applicable law and that would otherwise be available in a court of law. The arbitrator's decision regarding the claims shall be final and binding upon the Parties, unless a court of competent jurisdiction finds that the arbitrator manifestly disregarded the applicable law. The arbitrator's award shall be enforceable in any court having proper jurisdiction. Any Party may be represented by an attorney or other representative. The Parties' appeal rights are governed by the Federal Arbitration Act.

e. Arbitration Fees and Costs.

The Employee will be required to pay a reasonable cost to initiate the arbitration equal to what the Employee would be charged to initiate a lawsuit in state court in the county where the arbitration proceeding is pending. The Company shall pay all fees and costs that are unique to the arbitration process, including the arbitrator's fees. The Employee shall not be required to pay any type or amount of expense if such requirement would invalidate this Agreement or would otherwise be contrary to the law as it exists at the time of the arbitration. The arbitration hearing is not required to be stenographically recorded, but may be at the option of either Party. The Party requesting the arbitration hearing to be stenographically recorded is responsible for paying for the court reporter's service.

Except as set forth above, each Party shall pay its own attorneys' fees and costs. If, however, any Party prevails on a statutory claim that affords the prevailing Party attorneys' fees and costs, or if there is a written agreement providing for attorneys' fees and costs, the arbitrator may award reasonable fees and costs to the prevailing Party in accordance with applicable law.

12. **Term of Agreement and Modification:** This Arbitration Policy and Agreement shall remain in effect even after the termination of the Employee's employment with the Company. However, the Parties may mutually agree, in writing, not to arbitrate any claim or dispute that otherwise may be covered by this Arbitration Policy and Agreement. The Parties may also mutually agree, in writing, to modify the rules or conditions relating to any arbitration arising from this Agreement. Additionally, the Company reserves the right to modify this Agreement at any time, provided that any such unilateral modification will only take effect 30 days after notice is given to the Employee. Any such modification will have prospective effect only, and will not alter the terms of this Agreement with respect to any claim arising prior to the effective date of the modification.

13. **Entire Agreement:** This is the complete agreement of the Parties on the subject of arbitration of disputes (except for any arbitration agreement that may exist in connection with any pension or benefit plan). This Agreement supersedes any prior or contemporaneous oral or written understanding on the subject. No Party is relying on any promises, oral or written, on the subject of the effect, enforceability, or meaning of this Agreement, except as specifically set forth in this Agreement. However, if the Employee chooses to Opt-Out of this Agreement prior to the Deadline, any prior agreement between the Parties mandating arbitration will continue to be enforced.

14. **Waiver of Trial By Judge Or Jury:** The Parties understand and fully agree that by entering into this Agreement providing for binding arbitration, they are giving up their right to have a trial in front of a judge or jury. The Parties anticipate that by entering this Agreement they will gain the benefits of a speedy, impartial dispute resolution procedure.

15. **Not an Employment Contract:** This Arbitration Policy and Agreement is not, and shall not be construed to create, a separate contract of employment, express or implied, nor shall this Arbitration Policy and Agreement be construed in any way to change the relationship between the Company and the Employee from that of at-will employment.

16. **Consideration:** The Parties agree and promise to resolve the claims covered in this Agreement by arbitration. In addition to the at-will employment being offered and/or provided by the Company, these mutual promises are consideration for each Party.

17. **Copies of this Agreement:** You are encouraged to print or save a copy of this Agreement for your own records. Current versions of this Agreement are also available online through eHub, and this version of the Agreement can be provided to you upon written request to Human

Resources.

**Acknowledgment of Receipt of arbitration policy and agreement**

I, the undersigned employee, acknowledge that I have received a copy of the Company's Arbitration Policy and Agreement (the "Agreement"), in effect as of August 19, 2019. I understand that I am bound by the terms of the Agreement, unless I affirmatively opt-out of the Agreement within 30 days of my receipt of the Agreement in the manner described in Section 3 of the Agreement.

By my electronic signature below, I acknowledge that I have had an opportunity to read the Agreement, that I have had an opportunity to ask questions about the Agreement, and that I understand the Agreement. I further acknowledge that I understand how to obtain this Agreement for later reference.

I also acknowledge that I understand and can read English. If I do not read and understand English, I agree that I will not proceed with this onboarding and will instead email newhire@aus.com immediately to request Spanish-language translations of these documents. I understand that oral requests may not be honored.

Yo támbien reconozco que puedo entender y leer inglés. Si yo no puedo leer o entender inglés, yo acepto que no procederé con este proceso y que envíare un correo electronico a newhire@aus.com immediatamente para peticionar traducciones en español de estos documentos. Yo entiendo que peticiones orales no seran honoradas.

---

☑ **Employee Signature** Tony Holloway 3/22/2021 4:35 PM
(checking the checkbox above is equivalent to a handwritten signature)