**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| TONY HOLLOWAY, on behalf of himself and all others similarly situated,<br>Plaintiffs,<br><br>v.<br><br>ALLIED UNIVERSAL SECURITY and BRI ROBINSON,<br><br>Defendants. | Case No.: 2:25-cv-166-HSO-BWR |

**DEFENDANTS UNIVERSAL PROTECTION SERVICE, LLC DBA ALLIED UNIVERSAL SECURITY SERVICES AND BRITTNI ROBERTSON'S MOTION TO DISMISS PURUSANT TO FED. R. CIV. P. 12**

Defendants Universal Protection Service, LLC dba Allied Universal Security Services ("Allied Universal") and Brittni Robertson (hereinafter collectively "Defendants") by and through their undersigned counsel of record move this Court for an Order dismissing Plaintiff Tony Holloway's ("Plaintiff") Complaint pursuant to Rule 12 of the Federal Rule of Civil Procedure.

Plaintiff filed the present action against Defendants for alleged violation of the Fair Labor Standards Act ("FLSA"). As set forth in the Memorandum in Support and the Request for Judicial Notice (referencing the Mississippi Secretary of State website and Defendant Allied Universal's incorporation and principal place of business outside of the state of Mississippi), which is fully incorporated herein by reference, Plaintiff's Complaint is subject to dismissal on numerous grounds. First, to the extent Plaintiff alleges a nationwide collective claim on behalf of Allied Universal employees working in states other than Mississippi, the Complaint fails to state a claim upon which relief may be granted because Plaintiff has failed to demonstrate a basis for the Court to exercise personal jurisdiction over the claims of putative out-of-state employees. Second,

Plaintiff's Complaint, which alleges a single cause of action for alleged unpaid overtime, is subject to dismissal for failure to state a claim because Plaintiff fails to allege sufficient facts demonstrating that he and/or any other allegedly similarly situated employee performed overtime work without compensation and that Defendants knew or should have known this. Third, Plaintiff's claims against the individual defendant Robertson must be dismissed because Plaintiff has failed to allege sufficient facts demonstrating Robertson was his "employer" within the meaning of the FLSA. Accordingly, Plaintiff's Complaint is properly dismissed pursuant to Fed.R.Civ.P. 12.

Defendants' instant Rule 12 Motion to Dismiss is brought solely to preserve and avoid waiver of the arguments presented herein. However, should the Court grant Defendants' separate Motion to Compel Arbitration and Dismiss the Collective Claims (which Defendants request be considered first), it would be unnecessary for the Court to rule on the instant Motion to Dismiss.

Respectfully submitted this 10th day of February, 2026.

PHELPS DUNBAR LLP

BY: */s/ Adam Harris*
Adam Harris MS Bar No.: 102955
2602 13th Street, Suite 300
Gulfport, Mississippi 39501
Telephone: 228 679 1130
Facsimile: 228 679 1131
Email: adam.harris@phelps.com

Robin E. Largent
MARTENSON, HASBROUCK & SIMON LLP
(admitted pro hac vice)
455 Capitol Mall, Suite 400
Sacramento, California 95814
Telephone: 916 970 1430
Email: rlargent@martensonlaw.com

Lisa M. Szafranic
MARTENSON, HASBROUCK & SIMON LLP
(admitted pro hac vice)
2573 Apple Valley Road
Atlanta, Georgia 30319
Telephone: 404 909 8100
Facsimile: 404 909 8120
Email: lmszafranic@martensonlaw.com

***Attorneys for Universal Protection Service, LLC dba Allied Universal Security Services and Brittni Robertson***

**CERTIFICATE OF SERVICE**

I certify that on February 10th, 2026, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to all counsel of record.

*/s/ Adam Harris*
ADAM HARRIS