**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| TONY HOLLOWAY on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLIED UNIVERSAL SECURITY and BRI ROBINSON<br><br>Defendants. | Case No.: 2:25-cv-166-HSO-BWR |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12**

## I. INTRODUCTION

Plaintiff is a former employee of Defendant Universal Protection Service, LLC dba Allied Universal Security Services ("Allied Universal"). He alleges he was not properly paid overtime compensation in violation of the Fair Labor Standards Act ("FLSA"). Based on this allegation, he has filed this individual and collective FLSA action against both Allied Universal and an individual employee, Brittni Robertson ("Robertson") (erroneously named as "Bri Robinson"). With respect to the collective allegations, Plaintiff brings his overtime claim on behalf of all employees of Allied Universal nationwide.

Plaintiff's Complaint is subject to dismissal on numerous grounds. First, to the extent Plaintiff alleges a nationwide collective claim on behalf of Allied Universal employees working in states other than Mississippi, the Complaint fails to state a claim upon which relief may be granted because Plaintiff has failed to demonstrate a basis for the Court to exercise personal jurisdiction over the claims of putative out-of-state employees. Second, Plaintiff's Complaint, which alleges

a single cause of action for alleged unpaid overtime, is subject to dismissal for failure to state a claim because Plaintiff fails to allege sufficient facts demonstrating that he and/or any other allegedly similarly situated employee performed overtime work without compensation and that Defendants knew or should have known this. Third, Plaintiff's claims against the individual defendant Robertson must be dismissed because Plaintiff has failed to allege sufficient facts demonstrating Robertson was his "employer" within the meaning of the FLSA.

Defendants note that, concurrently herewith, they have filed a Motion to Compel Individual Arbitration and Dismiss the Collective Claims on the grounds that Plaintiff entered into an arbitration agreement with Allied Universal that requires arbitration of his individual claims and waives the ability to pursue claims on a class or collective basis. Defendants' instant Rule 12 Motion to Dismiss is brought solely to preserve and avoid waiver of the arguments presented herein. However, should the Court grant Defendants' separate Motion to Compel Arbitration and Dismiss the Collective Claims (which Defendants request be considered first), it would be unnecessary for the Court to rule on the instant Motion to Dismiss.

## II. <u>FACTUAL BACKGROUND</u>

In the Complaint, Plaintiff alleges that he was employed by Defendants during the period of about September 2017 to the present and that he performed non-exempt security officer duties for the benefit of Defendants in the State of Mississippi. [Dkt. 1, Complaint, ¶¶ 6, 13]. Plaintiff alleges that "upon information and belief" individual Defendant Robertson is a resident of the State of Alabama, and is the Company Branch Manager of the Corporate Defendant, having sufficient control over its business." [Dkt. 1, Complaint, ¶ 11]. Plaintiff alleges that Robertson "had the power and authority to hire, fire, set the pay, schedule, and other terms and conditions of Plaintiff's employment and did so." (*Id.*) Plaintiff alleges that Allied Universal is "a business entity formed

under the laws of Mississippi" with a "primary office" in Flowood, Mississippi." (*Id.*, ¶ 10). In reality, Allied Universal is a foreign business corporation organized under the laws of the State of Delaware and has a branch (not a primary office) in Flowood, Mississippi. (See Defendants' Request for Judicial Notice, filed concurrently herewith.)[1]

Plaintiff alleges that while employed, "Defendants failed to pay Plaintiff the proper overtime compensation under the law by failing to pay him at least one-and-one-half (1.5) times his regular rate for all time spent performing labor in excess of forty (40) hours of his regular workweek." [Dkt. 1, Complaint, ¶¶ 16, 17].

Plaintiff further alleges that "[d]uring the last three years Defendants carried out an unlawful payroll policy and practice by failing to pay Plaintiff and all others similarly situated for all hours worked for all worked hours, including overtime compensation as required by federal law." [Dkt. 1, Complaint ¶ 2].

Plaintiff purports to bring this case as an FLSA collective on behalf of similarly situated individuals nationwide and estimates the collective includes over 1,000 individuals. [Dkt 1, Complaint ¶¶ 28–31, 33–35]. Plaintiff alleges, in conclusory fashion, that the FLSA Collective Members "were similarly situated, had substantially similar job requirements, were paid in the same manner and under the same common policies, and were subject to Defendants' practices of (i) failing to compensate Plaintiff and the FLSA Collective Members at one and one-half times

---

[1] This Court is not required to accept Plaintiff's allegations to the contrary. In evaluating personal jurisdiction, the "district court may consider the contents of the record before the court at the time of the motion, including affidavits ... or any combination of the recognized methods of discovery." *Taylor v. Smith & Nephew, Inc.*, No. 3:18-CV-234-DPJ-FKB, 2019 WL 2181932, at *1 (S.D. Miss. May 20, 2019) (internal quotations omitted) (*citing Quick Techs., Inc. v. Sage Grp., PLC*, 313 F.3d 338, 343 (5th Cir. 2002)). Indeed, The Fifth Circuit has determined that the accuracy of public records contained on the Mississippi Secretary of State's website "cannot reasonably" be questioned and are properly subject to judicial notice. *Swindol v. Aurora Flight Sciences Corp.*, 805 F.3d 516, 519 (5th Cir. 2015) (taking judicial notice of "printouts of online state agency records" showing the company's principal office in Virginia and the same principal office for all listed officers and directors).

their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek; and (ii) failing to timely pay all wages owed." [Dkt. 1, Complaint, ¶ 29].

## III. LEGAL STANDARD

Under Rule 12(b)(2), plaintiffs "bear[] the burden of establishing the district court's jurisdiction over the defendant." *Taylor v. Smith & Nephew, Inc.*, 2019 WL 2181932, at *1 (*citing Mink v. AAAA Dev. LLC*, 190 F.3d at 335) (citation omitted). In evaluating personal jurisdiction, the "district court may consider the contents of the record before the court at the time of the motion, including affidavits . . . or any combination of the recognized methods of discovery." *Id*. at *3 (internal quotations omitted) (*citing Quick Techs., Inc. v. Sage Grp., PLC,* 313 F.3d 338, 343 (5th Cir. 2002)). Conclusory assertions regarding alleged jurisdictional contacts are not sufficient to establish personal jurisdiction. S*ee Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (holding that in evaluating personal jurisdiction, the court is not required "to credit conclusory allegations, even if uncontroverted").

Under FRCP Rule 12(b)(6), a complaint is subject to dismissal if it fails to state a claim upon which relief may be granted. FRCP Rule 8(a)(2) provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has held that this rule requires a complaint to contain sufficient legal and *factual* content demonstrating entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Importantly, a plaintiff cannot overcome a Rule 12(b)(6) motion to dismiss simply by pointing to *conclusory* allegations in the complaint that the defendant violated the law. *Twombly,* 550 U.S. at 555. Instead, the sufficiency of the complaint turns on its "factual content" and requires the plaintiff to plead enough "factual matter" to raise a "plausible" inference of wrongdoing. *Iqbal*, 556 U.S. at 678, 683. The reason for this requirement is that it is unfair to

require a defendant to commence litigating a case and participate in discovery, the burden of which may pressure the defendant into settling, when the complaint does not contain facts demonstrating a plausible claim. *Id.* at 685-86; *Twombly*, 550 U.S. at 558-59.

## IV. <u>ARGUMENT</u>

### A. THE COURT LACKS PERSONAL JURISDICTION OVER PUTATIVE COLLECTIVE MEMBERS WHO NEVER WORKED IN MISSISSIPPI.

A federal court must have personal jurisdiction over a defendant in a lawsuit in order to bind the defendant with a judgment. *Canaday v. Anthem Companies, Inc.*, 9 F.4th 392 (6th Cir. 2021). Personal jurisdiction may be obtained by way of a federal statute that authorizes nationwide service of process on the defendant. Fed.R.Civ.P. 4(k). However, the FLSA does not contain a nationwide service of process provision. 29 U.S.C. §216. In the absence of such a statute, the exercise of personal jurisdiction depends on whether the defendant is subject to the general jurisdiction of the host state. Fed.R.Civ.P. 4(k). The Due Process Clause of the Fourteenth Amendment constrains a federal court's exercise of jurisdiction over an out-of-state defendant. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358, 141 S. Ct. 1017, 1024 (2021). The Supreme Court has held that in order for a state court to exercise jurisdiction over an out-of-state defendant, the defendant's "contacts" with the forum state must be sufficient such that the exercise of jurisdiction is "reasonable" and does not "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316-17 (1945).

Where the defendant is a business entity, there are two types of personal jurisdiction—general jurisdiction and specific jurisdiction. A court may assert *general* jurisdiction over the defendant in its home state, i.e., where it is incorporated or headquartered. *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402 (2017). A court may assert *specific* jurisdiction over the defendant only where the

plaintiff's claims arise out of or relate to the defendant's activities in the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).

The foregoing principles apply equally regardless of whether a plaintiff brings a suit on an individual basis or on a multi-plaintiff basis, such that the court must have personal jurisdiction over the claim of each individual asserting a claim for relief. *Bristol-Myers Squibb Co. v. Superior Ct. of California,* 582 U.S. 255 (2017) (federal court in California lacked personal jurisdiction over claims of out-of-state plaintiffs in mass action). The same is true even where the plaintiff brings a claim as a collective action under the FLSA, meaning that the court must have personal jurisdiction over the defendant not only with respect to the claims of the named plaintiff but also over the claims of every individual who may opt in to the action. *See Harrington v. Cracker Barrel Old Country Store, Inc.*, 142 F.4th 678 (9th Cir. 2025) (Arizona district court lacked personal jurisdiction over claims of out-of-state FLSA collective members whose injuries were not alleged to have arisen in Arizona)*; Vanegas v. Signet Builders, Inc.*, 113 F.4th 718 (7th Cir. 2024 (dismissing claims of out-of-state FLSA collective members due to lack of specific personal jurisdiction); *Canaday v. Anthem Companies, Inc.*, 9 F.4th 392 (6th Cir. 2021) (holding that Tennessee district court lacked specific personal jurisdiction over the FLSA overtime claims of out-of-state employees who were not employed by Anthem in Tennessee and whose alleged wage-related injuries did not arise in Tennessee or otherwise stem from Anthem's activities in Tennessee); *Vallone v. CJS Sols. Grp., LLC,* 9 F.4th 861 (8th Cir. 2021) (dismissing claims of out-of-state FLSA plaintiffs due to lack of specific personal jurisdiction); *Fischer v. Fed. Express Corp.*, 42 F.4th 366 (3rd Cir. 2022) (same).

Plaintiff's Complaint fails to allege sufficient uncontroverted facts to demonstrate that this Court has personal jurisdiction over the claims of putative collective members who worked for Allied Universal outside of Mississippi.

**1. The Court Does Not Have General Personal Jurisdiction Over Defendants**

Plaintiff cannot maintain a nationwide collective action on the basis of general personal jurisdiction because Allied Universal is not "at home" in Mississippi. General jurisdiction over a corporation exists where the company is incorporated and where it maintains its principal place of business. *Daimler AG v. Bauman,* 571 U.S. 117, 137 (2014). Here, general jurisdiction does not exist because Allied Universal is a nonresident entity, as it was incorporated in the State of Delaware and has a principal place of business outside of Mississippi. *See* Defendants' Request for Judicial Notice. Moreover, Plaintiff alleges that Robertson is resident of Alabama, and thus, she is also a nonresident defendant. [Dkt. 1, Complaint, ¶ 11]. Plaintiff has also failed to plead any facts demonstrating that Robertson had requisite supervisory or managerial authority over any putative collective members who worked for Allied Universal outside of Mississippi. [See Dkt. 1, Complaint, generally.] Since neither Allied Universal nor Defendant Robinson are "at home" in Mississippi and Plaintiff has failed to allege that Robertson had any managerial or supervisory authority over any employees other than Plaintiff, this Court cannot exercise general personal jurisdiction over the claims of any out-of-state collective action members Plaintiff seeks to include in the action.

**2. The Court Does Not Have Specific Personal Jurisdiction Over the Claims of Non-Mississippi Employees.**

As explained above, *specific* personal jurisdiction over the defendant exists only where the plaintiff's claims arise out of or relate to the defendant's activities in the forum state. *Daimler AG v. Bauman*, 571 U.S. at 127. Plaintiff's Complaint fails to allege any facts to tie the alleged wage

and hour injuries of out-of-state employees to Allied Universal's activities in Mississippi. *Ford Motor Co. v. Mont. Eight Judicial Dist. Ct.*, 141 S. Ct. at 1026 (for the court to have personal jurisdiction over claims, those claims must "arise out of or relate to the defendant's contacts with the forum State" and there must have been an "activity or an occurrence that takes place in the forum State.") Plaintiff's Complaint alleges in purely conclusory fashion that "[d]uring the last three (3) years Defendants carried out an unlawful payroll policy and practice by failing to pay Plaintiff and all others similarly situated for all hours worked including overtime compensation as required by applicable law." [Dkt. 1, Complaint ¶ 2]. However, Plaintiff's Complaint is noticeably bereft of any facts demonstrating Defendants created these alleged policies or practices in the state of Mississippi or that its activities in Mississippi somehow caused the alleged underpayment of overtime wages to employees outside of Mississippi. Plaintiff's failure to articulate absolutely any connection between Mississippi and the claims of non-Mississippi employees warrants dismissal of Plaintiff's FLSA claims to the extent he brings them on behalf of such individuals. *Sambrano v. United Airlines, Inc.*, No. 4:21-cv-1074-P, 2021 WL 5178829, at *7 (N.D. Tex. Nov. 8, 2021) (finding a non-resident plaintiff's claim does not relate to the forum state and concluding that the Court lacks personal jurisdiction over the defendant for that non-resident plaintiff's claim).

### B. PLAINTIFF HAS FAILED TO ADEQUATELY PLEAD A COLLECTIVE OVERTIME CLAIM ON BEHALF OF OTHER EMPLOYEES.

In addition to failing for jurisdictional reasons, Plaintiff's proposed collective FLSA claim also fails and is subject to dismissal under Rule 12(b)(6) because Plaintiff has failed to sufficiently plead a plausible collective claim. To survive a motion to dismiss brought pursuant to Rule 12(b)(6), a complaint must include enough factual content to give the opposing party notice of what the claim is and the grounds upon which it rests. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 698. Under 29 U.S.C. § 216(b), when a plaintiff brings a collective action under the FLSA, he

must allege sufficient facts to support the claim they are "similarly situated" to the individuals they seek to include, specifically substantial allegations that all of these individuals were victims of a "single decision, policy, or plan." *Santinac v. Worldwide Labor Support of Illinois, Inc.*, 107 F.Supp.3d 610, 615 (S.D. Miss. 2015).

In his Complaint, Plaintiff alleges in purely conclusory fashion that "[d]uring the last three years Defendants carried out an unlawful payroll policy and practice by failing to pay Plaintiff and all others similarly situated for all hours worked for all worked hours, including overtime compensation as required by federal law" and he alleges that FLSA collective members were "subject to Defendants' practices of: (i) failing to compensate Plaintiff and FLSA Collective Members at one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek; and (ii) failing to timely pay all wages owed." [Dkt. 1, Complaint ¶ 2, 29]. Plaintiff's allegations do not plead any facts, let alone substantial ones, for a valid collective action. While he alleges in purely conclusory fashion that Defendants' alleged work policies or practices applied nationally, he provides no facts to support this broad conclusion. Plaintiff does not allege that he has any personal knowledge of any other individuals who suffered allegedly similar violations as him. [Dkt. 1, Complaint, ¶¶ 6 and 9].

Therefore, the Court should dismiss Plaintiff's Complaint for failing to adequately plead facts supporting a nationwide FLSA collective action pursuant to FRCP Rule 12(b)(6).

**C. THE COMPLAINT INSUFFICIENTLY PLEADS A FLSA CLAIM FOR UNPAID OVERTIME.**

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has held that this rule requires a complaint to contain sufficient legal and factual content demonstrating entitlement to relief. *Twombly*, 550 U.S. at 545-46; *Iqbal*, 556 U.S. at 677-79.

Importantly, a plaintiff cannot overcome a Rule 12(b)(6) motion to dismiss simply by pointing to conclusory allegations in the complaint that the defendant violated the law. *Twombly*, 550 U.S. at 555. Instead, the sufficiency of the complaint turns on its "factual content" and requires the plaintiff to plead enough "factual matter" to raise a "plausible" inference of wrongdoing. *Iqbal*, 556 U.S. at 678-83. The reason for this requirement is that it is unfair to require a defendant to commence litigating a case and participate in discovery, the burden of which may pressure the defendant into settling, when the complaint does not contain facts demonstrating a plausible claim. *Id.* at 685-86; *Twombly*, 550 U.S. at 558-59.

In order to survive a motion to dismiss, the plaintiff must allege facts that plausibly establish a minimum wage or overtime violation occurred. *See e.g., Crosby v. Cox Commc'ns, Inc.*, 2016 WL 6403348, at *4 (E.D. La. Oct. 28, 2016); *Coleman v. John Moore Servs., Inc.*, 2014 WL 51290, at *4 (S.D. Tex. Jan. 7, 2014). District courts in this Circuit find that a plaintiff satisfies the uncompensated overtime element of an FLSA claim by pleading sufficient facts to put the defendant on notice as to the "approximate date ranges, as well as the approximate number of hours worked," for which the plaintiff claims he was under-compensated. *England v. Adm'r s of the Tulane Educ. Fund*, No. CV 16-3184, 2016 WL 3902595, at *3 (E.D. La. July 19, 2016) *(citing Mejia v. Bros. Petroleum, LLC*, No. 12-2841, 2015 WL 3619804, at *6 (E.D. La. June 9, 2015). Courts have consistently dismissed claims where Plaintiffs fail to allege whether they in fact worked more than 40 hours in a week. *Crosby*, 2016 WL 6403348, at *4; *Coleman*, 2014 WL 51290, at *4; *Cook v. Flight Servs. & Sys. Inc.*, 2017 WL 1407808, at *3 (E.D. La. Apr. 20, 2017).

In his Complaint, Plaintiff alleges that "Defendants failed to pay Plaintiff the proper overtime compensation under the law by failing to pay him at least one-and-a-half (1.5) times his regular rate for all time spent performing labor in excess of forty (40) hours of his regular

workweek." [Dkt. 1, Complaint ¶ 17]. The Complaint fails to identify any specific week or period of time when he claims he worked more than 40 hours, what the work consisted of in order to determine whether it was compensable under the FLSA, how it is that Defendants failed to properly pay him overtime (e.g., they did not pay any overtime compensation ever, they only paid some overtime but not all, and/or they failed to properly calculate the regular rate of pay, etc.), and facts demonstrating that Defendants had actual or constructive knowledge that Plaintiff was not being paid for all hours worked.

As for Defendants' alleged failure to pay overtime to other allegedly "similarly situated employees," the Complaint contains no facts supporting this allegation. It merely states in conclusory fashion that "the FLSA Collective Members were similarly situated, had substantially similar job requirements, were paid in the same manner and under the same common policies, and were subject to Defendants' practices of . . . failing to compensate Plaintiff and the FLSA Collective Members at one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek." [Dkt. 1, Complaint, ¶ 29]. This Court's sister districts within the Fifth Circuit have found that similar pleadings are insufficient to state a claim.

For example, in *Fleming v. Elliot Security Solutions, LLC*, the court dismissed the plaintiff's FLSA collective claims in similar circumstances. No. CV 19-2348, 2020 WL 360513 at *2 (E.D. La. Jan. 22, 2020). There, the plaintiff brought a FLSA collective claim seeking to represent all non-exempt employees of the defendant who were denied overtime compensation due to the defendant's policies. The plaintiff alleged that the defendant employers regularly and routinely paid the plaintiff(s) at their regular rate of pay when they worked in excess of forty hours per week, but the court held this was insufficient to state a plausible collective claim, as a matter of pleading, because there were no factual allegations supporting the claims that they were denied

overtime compensation because they failed to provide approximate date ranges or approximate numbers of hours worked in support of their claims. (*Id.* at *2.)

Similarly, in *Crosby v. Cox Communications, Inc.,* plaintiffs alleged that they "regularly worked over 40 hours in a workweek in order to complete their job assignments, but the defendants did not pay for all hours worked in order to avoid overtime payments." 2016 WL 6403348, at *3 (E.D. La. Oct. 28, 2016) (internal quotation marks and ellipses omitted). The court rejected the notion that conclusory allegations that merely recite the statutory language are adequate. *Id*. at *4. Rather, "[i]n order to survive a motion to dismiss, a plaintiff must plead additional factual details that connect the dots" and "provide some factual context to nudge the claim from conceivable to plausible." *Id*. (quotation marks omitted).

Also, in *Whitlock v. That Toe Co., LLC,* the court determined that plaintiff's allegations that he performed work from "February 2014 to April 2014 and that he worked in excess of forty hours for one or more weeks," are insufficient to support claims under the FLSA. 2015 WL 1914606 at *3; *cf. Flores v. Act Event Servs. Inc.*, 55 F.Supp.3d 928, 938-39 (N.D. Tex. 2014) (plaintiff's complaint deemed sufficient where supported by reference to timesheets and citation to work at specific venue to support travel time claim) (citation omitted).

Here, as in the foregoing cases, Plaintiff fails to allege sufficient facts to state a plausible claim that he and/or all non-exempt employees of Allied Universal everywhere in the country were subject to a common practice of being required to work overtime without proper compensation. Plaintiff's assertions in the Complaint are merely "[t]hreadbare recitals of the elements of a cause of action...." which are wholly sufficient to plead an actionable claim. *Iqbal*, 556 U.S. at 678. As such, Plaintiff's individual and collective FLSA claim must be dismissed under Rule 12(b)(6) for failure to state of a claim upon which relief may be granted.

**D. PLAINTIFF'S CLAIMS AGAINST DEFENDANT ROBERTSON MUST BE DISMISSED BECAUSE THE COMPLAINT FAILS TO SUFFICIENTLY ALLEGE THAT ROBERTSON WAS PLAINTIFF'S EMPLOYER.**

Only an "employer" may be held liable for unpaid wages under the FLSA. "To determine whether an individual or entity is an employer, the Fifth Circuit applies the 'economic realities test' and considers whether the alleged employer: '(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012). Every alleged employer must satisfy the four-part test. *Id*. Plaintiff's allegations fall far short.

In the Complaint, Plaintiff alleges that "upon information and belief" Robertson is a "Company Branch Manager" for Allied Universal. [Dkt. 1, Complaint at ¶ 10]. But Robertson's alleged role as a single branch manager does not *per se* make her Plaintiff's employer. *See Orozco v. Plackis*, 757 F.3d 445 (5th Cir. 2014) (individual defendant was not an employer under the FLSA albeit his status as founder/franchisor where economic reality test factors not met). Plaintiff's allegation that Robertson had "sufficient control over [Allied Universal's] business" [Dkt. 1, Complaint, ¶ 11] and "had the power and authority to hire, fire, set the pay, schedule, and other terms and conditions of Plaintiff's employment and did so" (*id.* at ¶ 12.) are similarly insufficient to demonstrate that Robertson was his employer. These are purely conclusory allegations that recite the legal elements of the employer test under the FLSA. They are not supported by any factual details or allegations demonstrating how Robertson was responsible for the alleged failure to pay overtime to Plaintiff or any other allegedly similarly situated employee. *See Harris v. Ideal Disc. Mkt.*, No. CIV.A. 13-4914, 2014 WL 2533406 (E.D. La. June 4, 2014) (dismissing complaint against individual defendants where plaintiff conclusorily alleged that they "manage[d], supervise[d] and direct[ed] the business affairs and operations of the Corporate Defendants" and

"acted, directly and indirectly, in the interest of" the corporate defendant). As such, Plaintiff's claims against Defendant Robertson should be dismissed for failure to state a plausible claim for relief under the FLSA.

## V. CONCLUSION

For the reasons set forth above, the Court should grant Defendants' Motion in its entirety.

Respectfully submitted this 10th day of February, 2026.

PHELPS DUNBAR LLP

BY: */s/ Adam Harris*
Adam Harris MS Bar No.: 102955
2602 13th Street, Suite 300
Gulfport, Mississippi 39501
Telephone: 228 679 1130
Facsimile: 228 679 1131
Email: adam.harris@phelps.com

Robin E. Largent
(admitted pro hac vice)
MARTENSON, HASBROUCK & SIMON LLP
455 Capitol Mall, Suite 400
Sacramento, California 95814
Telephone: 916 970 1430
Email: rlargent@martensonlaw.com

Lisa M. Szafranic
(admitted pro hac vice)
MARTENSON, HASBROUCK & SIMON LLP
2573 Apple Valley Road
Atlanta, Georgia 30319
Telephone: 404 909 8100
Facsimile: 404 909 8120
Email: lmszafranic@martensonlaw.com

***Attorneys for Universal Protection Service, LLC dba Allied Universal Security Services and Brittni Robertson***

## CERTIFICATE OF SERVICE

I certify that on February 10th, 2026, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to all counsel of record.

*/s/ Adam Harris*
ADAM HARRIS