**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TONY HOLLOWAY,** ***on behalf of himself and all others similarly situated*** | § § § | **PLAINTIFF** |
| | § § | |
| **v.** | § | **Civil No. 2:25-cv-166-HSO-BWR** |
| | § § | |
| **ALLIED UNIVERSAL SECURITY and BRI ROBINSON** | § § | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS ALLIED UNIVERSAL SECURITY AND BRI ROBINSON'S MOTION [10] TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

Defendants Allied Universal Security and Bri Robinson (collectively, "Defendants")[1] seek to compel arbitration, dismiss the collective claims in this case, and stay proceedings pursuant to an Arbitration Agreement. *See* Mot. [10]; Mem. [11]. Plaintiff Tony Holloway ("Plaintiff") has not responded. The Court finds that Defendants' Motion [10] should be granted, that Plaintiff Tony Holloway should be ordered to submit his individual claims against Defendants to arbitration, that his collective claims should be dismissed, and that the case should be stayed and administratively closed pending the resolution of arbitration.

---

[1] Defendants note that Plaintiff erroneously named "Universal Protection Service, LLC, doing business as Allied Universal Security Services" as "Allied Universal Security," Mem. [11] at 1, and "Brittni Robertson" as "Bri Robinson," *id.* at 2.

# I. BACKGROUND

## A. Factual Background

On November 13, 2025, Plaintiff filed this civil action "on behalf of himself and all others similarly situated" against his former employer, Allied Universal Security ("Allied Universal"), and its employee, Bri Robinson ("Ms. Robinson"), for violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201, *et seq*. *See* Compl. [1] at 1. Plaintiff claims that "[d]uring the last three (3) years, Defendants carried out an unlawful payroll policy and practice by failing to pay [him] and all others similarly situated for all worked hours including overtime compensation as required by federal law," *id.*, and that he has suffered at least $178,260.00 in damages, *id.* at 6. In short, this is a compensation dispute between an employer and an employee. *See generally id.*

Defendants contend that over the span of Plaintiff's employment, he signed three Arbitration Agreements with Allied Universal, all practically identical to, or consistent with, each other. *See* Mem. [11] at 1, 3; Ex. [10-1] at 7-26. Plaintiff signed the most recent of these Arbitration Agreements (the "Agreement") in March 2021. *See* Mem. [11] at 3; Ex. [10-1] at 26. Defendants further contend that the Agreement contains both a valid and enforceable arbitration clause and a collective action waiver. *See* Mem. [11] at 5-13; Ex. [10-1] at 21-22. Defense counsel avers that he conferred with Plaintiff's counsel "in an effort to secure a stipulation to individual arbitration and dismissal of the collective claims, but Plaintiff's counsel [] refused to stipulate . . . ." Mem. [11] at 6. So Defendants filed the present Motion

[10] to Compel Arbitration and Stay Proceedings, asking the Court to compel arbitration, dismiss the collective claims, and stay proceedings, *see* Mot. [10] at 1. Defendants also filed a Motion [12] to Dismiss Pursuant to Federal Rule of Civil Procedure 12 in the event that the Court denies their Motion [10] to Compel Arbitration.[2] *See* Mem. [11] at 2; Mot. [12].

To the Court's dismay, despite Plaintiff's counsel's refusal to stipulate to arbitration, he has not bothered to file any response to the Motion [10] to Compel Arbitration – effectively rendering it unopposed.[3] *See Trawick v. Asbury MS Gray-Daniels, LLC*, 244 F. Supp. 2d 697, 698 (S.D. Miss. 2003) ("A federal court may grant a motion as unopposed if a party fails to submit a response to the motion."); L.U. Civ. R. 7(b)(3)(E) ("If a party fails to respond to any motion, other than a dispositive motion, within the time allotted, the court may grant the motion as unopposed."). Nonetheless, the Court will consider the merits of the Motion [10].

---

[2] Defendants have also filed a Motion [14] for Judicial Notice related to their Motion [12] to Dismiss. *See* Mot. [14].

[3] This course of conduct has led to an unnecessary waste of judicial resources. Plaintiff's counsel is reminded of his professional obligation not to "bring or defend a proceeding, *or assert or controvert an issue therein*, unless there is a basis in law and in fact for doing so that is not frivolous . . . ." MISS. R. PRO. CONDUCT 3.1 (emphasis omitted and added); *see also* L.U. CIV. R. 83.1(c)(1) (stating that the Court may "censure or reprimand any attorney" for failing to comply with the Mississippi Rules of Professional Conduct). Moreover, "sanctions may be imposed upon any attorney who 'multiplies the proceedings in any case unreasonably and vexatiously.'" *Lipoplus, Inc. v. Kohan*, No. CV1810220PSGAGRX, 2019 WL 8955361, at *2 (C.D. Cal. Apr. 30, 2019) (quoting 28 U.S.C. § 1927). Going forward, "[t]he Court will not look favorably on any future conduct that impedes the 'just, speedy, and inexpensive determination' of this action." *Id.* (quoting Fed. R. Civ. P. 1).

## II. DISCUSSION

### A. Relevant Legal Standards

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, "provides that a written agreement to arbitrate in a contract involving interstate commerce 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Viking Automatic Sprinkler Co. v. O'Neal Constructors, LLC*, 743 F. Supp. 3d 816, 820 (S.D. Miss. 2024) (quoting 9 U.S.C. § 2). The FAA "establishes a national policy favoring arbitration when the parties contract for that mode of dispute resolution." *Preston v. Ferrer*, 552 U.S. 346, 349 (2008). When

> considering whether to compel arbitration under the FAA, courts generally follow a two-step analysis. *Tittle v. Enron Corp.*, 463 F.3d 410, 418 (5th Cir. 2006). First, a court decides whether the parties agreed to arbitrate the dispute at issue. *Id.* To answer this question, a court must determine "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Id.* (quotation omitted). Second, a court determines whether legal constraints external to the agreement foreclose arbitration. *Id.*

*Viking Automatic Sprinkler Co.,* 743 F. Supp. 3d at 821.

### B. Analysis

#### 1. Defendant's Request to Compel Arbitration

##### a. The Validity of the Agreement

"We apply ordinary state-law principles that govern the formation of contracts to determine whether an arbitration contract was formed," *IMA, Inc. v. Columbia Hosp. Med. City at Dallas, Subsidiary L.P.*, 1 F.4th 385, 391 (5th Cir.

2021) (quotation omitted), including the validity and enforceability of that contract, *see Kidd v. Lowe's Home Centers*, LLC, No. 1:19-CV-245-HSO-JCG, 2020 WL 9258481, at *6 (S.D. Miss. Dec. 2, 2020) ("State law governs the issue of whether the parties entered into a valid and enforceable agreement to arbitrate, and courts apply the law of the state governing the agreement." (citing *Wash. Mut. Fin. Group, LLC v. Bailey*, 364 F.3d 260, 264 (5th Cir. 2004)). And under Mississippi law, a valid contract requires "(1) two or more contracting parties, (2) consideration, (3) an agreement that is sufficiently definite, (4) parties with legal capacity to make a contract, (5) mutual assent, and (6) no legal prohibition precluding contract formation." *Rotenberry v. Hooker*, 864 So. 2d 266, 270 (Miss. 2003) (en banc) (quotation omitted); *Adams Cmty. Care Ctr., LLC v. Reed*, 37 So. 3d 1155, 1158 (Miss. 2010) (same).

As an initial matter, the Court finds that the FAA governs the Arbitration Agreement. Defendants have sufficiently explained how "Plaintiff's employment was 'within the flow of interstate commerce,'" Mem. [11] at 7 (quoting *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 118 (2001)), and that the Agreement expressly states "[t]he interpretation and enforceability of this Agreement shall be governed by the [FAA]," Ex. [10-1] at 23; *see also* Mem. [11] at 6. The Agreement is therefore subject to review under the FAA. *See* 9 U.S.C. § 2; *Viking Automatic Sprinkler, LLC*, 743 F. Supp. 3d at 820.

Defendants further argue that the Arbitration Agreement satisfies the six elements of contract formation under Mississippi law because: (1) there were at

least two parties to it; (2) there was consideration; (3) the agreement to arbitrate employment-related disputes was sufficiently definite; (4) Plaintiff had the ability to contract and Allied Universal was a legal business entity; (5) Plaintiff assented to the Agreement when he signed it; (6) and "there [were] no legal prohibitions that would [have] preclude[d] legal formation of an arbitration agreement subjecting FLSA claims to arbitration." Mem. [11] at 9. The Court agrees with Defendants, and Plaintiff has offered no argument to the contrary. As such, the Court finds that there is a valid Arbitration Agreement between Plaintiff and Allied Universal. *See McDougle v. Kemper Corp. Servs., Inc.*, No. 3:17-CV-231 WHB-JCG, 2017 WL 2370002, at *3 (S.D. Miss. May 31, 2017) (finding an arbitration agreement "valid under Mississippi law" where there were "no allegations in the Complaint concerning the validity of the . . . [a]greement"); *see also Jackson Mac Haik CDJR, Ltd. v. Hester*, 291 So. 3d 333, 335-36 (Miss. 2020) (en banc) ("Mississippi will liberally construe agreements with a presumption in favor of arbitration." (quotation omitted)).

b. <u>The Scope of the Agreement</u>

The next question is whether Plaintiff's claims fall within the purview of the Arbitration Agreement. The Agreement states in relevant part:

> **<u>Claims Covered by this Agreement:</u>** To the fullest extent authorized by law, the Parties mutually agree to the resolution by binding arbitration of all claims or causes of action that the Employee may have against the Company, or the Company against the Employee, which could be brought in a court of law, unless otherwise set forth in this Agreement. Examples of claims covered by this Arbitration Policy and Agreement specifically include, but are not limited to . . . *claims for*

> *wages or other compensation, penalties or reimbursement of expenses . . . .*
>
> The Parties also agree that this Arbitration Agreement is intended to benefit certain third parties. To that end, claims covered by this Agreement also include any claim or cause of action that the Employee may have against the Company's former or current . . . employees . . . Such third parties have the right to demand arbitration under the terms and conditions of this Agreement.

Ex. [10-1] at 21 (emphasis added).

Plaintiff has sued Defendants over wage compensation, a subject the Agreement unambiguously covers. *See id.*; Compl [1] at 5-6. And Ms. Robinson, though not a party to the Agreement, is a third-party current or former employee of Allied Universal, *see* Mem. [11] at 1, and wage compensation claims against such third parties are similarly covered by the Agreement, *see* Ex. [10-1] at 21. Accordingly, Plaintiff's claims against Defendants fall within the scope of the Agreement.

c. Legal Constraints

The Court finds no legal constraints external to the Agreement that would foreclose arbitration. *See Viking Automatic Sprinkler Co.,* 743 F. Supp. 3d at 821. Courts frequently apply arbitration agreements to FLSA disputes, and this case is no exception. *See, e.g.*, *Carter v. Countrywide Credit Industries, Inc.*, 362 F.3d 294, 297 (5th Cir. 2004) (affirming the district court's order compelling arbitration for FLSA claims and finding that the "bar [to avoid enforcement of an arbitration agreement] is high even where, as here, the [FLSA] claims subject to arbitration are statutory in nature."); *Sanchez v. MK Indus., Inc.*, No. 1:15CV272-HSO-JCG, 2016

WL 379743, at *2-3 (S.D. Miss. Jan. 29, 2016); *Garcia v. Bubbles Enters., Ltd.*, No. CIV.A.H-05-3199, 2006 WL 448845, at *5 (S.D. Tex. Feb. 22, 2006).

Ultimately, "the party opposing arbitration bears the burden to prove that a contract defense applies in the particular case," *Smith v. Express Check Advance of Mississippi, LLC*, 153 So. 3d 601, 606 (Miss. 2014) (en banc), and the Court has previously noted that the Motion [10] is essentially unopposed because Plaintiff never filed a response. Plaintiff offers no reason why arbitration is foreclosed, and the Court finds none.

2. Request to Dismiss Collective Claims

The Agreement also includes a collective action waiver, which states:

> **No Class or Collective Action Claims:** To the fullest extent permitted by law, the Parties agree that each may bring and pursue claims against the other only in their individual capacities, and may not bring, pursue, join or act as a plaintiff or class member in any purported class or collective proceeding.
>
> The parties agree that any challenges to this section must be presented before a court, not an Arbitration.

Ex. [10-1] at 22. Based on this provision, Defendants request that the Court dismiss Plaintiff's collective claims in the Complaint [1], arguing that "[b]ecause Plaintiff has waived the ability to pursue claims on a collective basis, once Plaintiff's individual claims are compelled to arbitration, the collective claims should be dismissed and the case otherwise stayed pending completion of individual arbitration." Mem. [11] at 13.

"The Fifth Circuit has held that parties can waive their right to proceed collectively under the FLSA by signing a valid arbitration agreement." *Warden v.*

*Pilot Catastrophe Servs., Inc.*, No. 3:24-CV-2156-S, 2024 WL 4983143, at *5 (N.D. Tex. Dec. 4, 2024) (citing *Carter*, 362 F.3d at 298; *D.R. Horton, Inc. v. N.L.R.B.*, 737 F.3d 344, 357 (5th Cir. 2013)). This "is a 'gateway' issue that must be decided by courts, not arbitrators—absent clear and unmistakable language in the arbitration clause to the contrary." *20/20 Commc'ns, Inc. v. Crawford*, 930 F.3d 715, 717 (5th Cir. 2019).

Here, the Agreement unmistakably mandates that the Court decide the issue of collective action, *see* Ex. [10-1] at 22, and based on its plain language, the Agreement prohibits collective actions, *see Warden*, 2024 WL 4983143, at *5. Plaintiff relinquished his right to pursue collective claims when he signed the Agreement, *see* Ex. [10-1] at 22, and so this case will be referred to arbitration on an *individual* basis only.

3. Request to Stay the Case Pending Arbitration

Finally, Section 3 of the FAA provides that

> upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

Defendants have requested that this case be stayed. *See* Mot. [10] at 1; Mem. [11] at 13. Because the Court is compelling arbitration of Plaintiff's individual

claims against Defendants pursuant to the FAA, it must stay this case.[4] *See* 9 U.S.C. § 3; *Smith v. Spizzirri*, 601 U.S. 472, 476, (2024) ("Here, as in other contexts, the use of the word 'shall' creates an obligation impervious to judicial discretion." (quotation omitted)); *Viking Automatic Sprinkler Co.*, 743 F. Supp. 3d at 823.

## III. CONCLUSION

To the extent the Court has not addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendants Allied Universal Security and Bri Robinson's Motion [10] to Compel Arbitration and Stay Proceedings is **GRANTED**, and Plaintiff Tony Holloway is **ORDERED** to submit his individual claims against Defendants Allied Universal Security and Bri Robinson to arbitration.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the collective claims against Defendants Allied Universal Security and Bri Robinson are **DISMISSED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this case is **STAYED and ADMINISTRATIVELY CLOSED** for statistical purposes pending the outcome of the arbitration between Plaintiff Tony Holloway and Defendants Allied Universal Security and Bri Robinson.

[4] In light of this decision, Defendants' Motions [12] to Dismiss and [14] for Judicial Notice will be terminated as moot.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the parties shall move to lift the stay and reinstate this case to the active docket within 30 days after the conclusion of the arbitration.

**SO ORDERED AND ADJUDGED**, this the 14th day of April, 2026.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE