**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| TONY HOLLOWAY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLIED UNIVERSAL SECURITY and BRI ROBINSON<br><br>Defendants. | Case No.: 2:25-cv-166-HSO-BWR |

**MEMORANDUM IN SUPPORT OF DEFENDANTS UNIVERSAL PROTECTION SERVICE, LLC D/B/A ALLIED UNIVERSAL SECURITY SERVICES AND BRI ROBINSON'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE PURSUANT TO FED. R. CIV. P. 41(b)**

## I. INTRODUCTION

Defendants Universal Protection Service, LLC d/b/a Allied Universal Security Services and Bri Robinson (collectively "Defendants") respectfully submit this Memorandum of Law in Support of their Motion to Dismiss with Prejudice pursuant to Federal Rule of Civil Procedure 41(b). Defendants maintain that dismissal is proper because Plaintiff Tony Holloway ("Plaintiff") has failed to prosecute this case and has not complied with this Court's Order requiring him to submit his claims to arbitration. Plaintiff has established a clear record of delay and has prejudiced Defendants by requiring unnecessary expenditure of time and resources. Accordingly, dismissal with prejudice is warranted under the Federal Rules of Civil Procedure as further detailed below.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this lawsuit on November 13, 2025. [ECF No. 1]. On February 10, 2026, Defendants filed their Motion to Compel Arbitration and Stay Proceedings and Motion to Dismiss Pursuant to Fed. R. Civ. P. 12 (collectively, "Defendants' Motions"). [ECF No. 10]; [ECF No. 12].

Plaintiff did not respond to either of Defendants' Motions.

On April 14, 2026, this Court entered an Order Granting Defendants Allied Universal Security and Bri Robinson's Motion [10] to Compel Arbitration and Stay Proceedings ("Order") wherein it also dismissed Plaintiff's collective claims. [ECF No. 18].

In its Order, the Court criticized Plaintiff's failure to respond to Defendants' Motions and cautioned with respect to the potential consequences of continued inaction, as follows:

> This course of conduct has led to an unnecessary waste of judicial resources. Plaintiff's counsel is reminded of his professional obligation not to "bring or defend a proceeding, *or assert or controvert an issue therein*, unless there is a basis in law and in fact for doing so that is not frivolous . . . ." MISS. R. PRO. CONDUCT 3.1 (emphasis omitted and added); *see also* L.U. CIV. R. 83.1(c)(1) (stating that the Court may "censure or reprimand any attorney" for failing to comply with the Mississippi Rules of Professional Conduct). Moreover, "sanctions may be imposed upon any attorney who 'multiplies the proceedings in any case unreasonably and vexatiously.'" *Lipoplus, Inc. v. Kohan*, No. CV1810220PSGAGRX, 2019 WL 8955361, at *2 (C.D. Cal. Apr. 30, 2019) (quoting 28 U.S.C. § 1927). **Going forward, "[t]he Court will not look favorably on any future conduct that impedes the 'just, speedy, and inexpensive determination' of this action."** ***Id.*** **(quoting Fed. R. Civ. P. 1).**

[ECF No. 18, p. 3, fn. 3.] (Emphasis in bold font added.)

Despite the Court's caution and suggestion of sanctions if Plaintiff continues to impede the "just speedy, and inexpensive determination of this action,'" Plaintiff has failed to initiate arbitration or otherwise pursue his claims. Defense Counsel has also received no communication from Plaintiff's counsel in the more than four months since the Court issued its Order.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The United States Supreme Court has long recognized a federal court's "inherent power" to manage its own docket and dismiss cases with prejudice for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (holding federal courts have the "inherent power" to dismiss cases with prejudice for failure to prosecute). Furthermore, the Fifth Circuit has held that dismissal with prejudice is appropriate where there is a "clear record of delay or contumacious conduct by the plaintiff, and where lesser sanctions would not serve the interests of justice." *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006) (affirming dismissal of case with prejudice due to failure to prosecute) (internal quotations omitted). *See also Hayes v. Kemper Home Servs. Companies*, No. 3:19-CV-233-HTW-LRA, 2020 WL 8409101 at *2 (S.D. Miss. Aug. 31, 2020) (dismissing case after plaintiff ignored defendants' motion to dismiss and court order).

## IV. ARGUMENT

Dismissal with prejudice is undeniably warranted because Plaintiff has defied the Court's Order and has established a clear record of delay and abandonment of his claims. Plaintiff failure to prosecute his claims warrants dismissal with prejudice. This case has remained dormant on the Court's docket for months due to Plaintiff's failure to respond to Defendants' Motions, and now, he has failed to comply with the Court's Order to submit this case to arbitration. Plaintiff's inaction is particularly inexcusable given that this Court made abundantly clear to Plaintiff in its Order that it would "not look favorably on any future conduct that impedes the 'just, speedy, and inexpensive determination' of this action." [ECF No. 18].

Despite the Court's warning, Plaintiff has continued to unreasonably and vexatiously delay the progress of this case. Additionally, Plaintiff's refusal to comply with the Court's Order serves as clear evidence that any lesser sanction than dismissal with prejudice would not serve the interests of justice. Indeed, "[a]ny other course would [] place[] the credibility of the [district] court in doubt and invite[] abuse." *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990) (affirming Rule 41(b) dismissal and finding no abuse of discretion where plaintiff failed to comply with district court order directing him to clarify certain charges despite district court's warning that failure would result in recommendation of dismissal). This is especially true because Allied Universal continues to unduly bear the financial burden of defending a case that Plaintiff has demonstrated he has no desire to prosecute. As such, Plaintiff's failure to abide by the Court's Order, coupled with his established record of delay, warrants dismissal with prejudice pursuant to Fed. R. Civ. P. 41(b).

## V. CONCLUSION

Given the foregoing, Defendants respectfully request that the Court dismiss this case with prejudice under Rule 41(b), and grant such further and other relief as the Court deems just and proper.

Respectively submitted this 5th day of October, 2026.

PHELPS DUNBAR LLP

BY: */s/ Adam Harris*
Adam Harris MS Bar No.: 102955
2602 13th Street, Suite 300
Gulfport, Mississippi 39501
Telephone: 228 679 1130
Facsimile: 228 679 1131
Email: adam.harris@phelps.com

Robin E. Largent
MARTENSON, HASBROUCK & SIMON LLP
455 Capitol Mall, Suite 400

Sacramento, California 95814
Telephone: 916 970 1430
Email: rlargent@martensonlaw.com

Lisa M. Szafranic
MARTENSON, HASBROUCK & SIMON LLP
2573 Apple Valley Road
Atlanta, Georgia 30319
Telephone: 404 909 8100
Facsimile: 404 909 8120
Email: lmszafranic@martensonlaw.com

***Attorneys for Universal Protection Service, LLC d/b/a Allied Universal Security Services and Brittni Robinson***

**CERTIFICATE OF SERVICE**

I certify that on October 5, 2026, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to all counsel of record.

*/s/ Adam Harris*
ADAM HARRIS