**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TONY HOLLOWAY,** ***on behalf of himself and all others similarly situated*** | § | **PLAINTIFF** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 2:25cv166-HSO-BWR** |
| | § | |
| **ALLIED UNIVERSAL SECURITY and BRI ROBINSON** | § | **DEFENDANTS** |
| | § | |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION [19] TO DISMISS FOR LACK OF PROSECUTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 41(b)**

In this employment dispute arising from Defendants Allied Universal Security ("Allied Universal") and Bri Robinson's ("Ms. Robinson") (collectively "Defendants") alleged failure to adequately compensate Plaintiff Tony Holloway ("Plaintiff" or "Holloway") under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), Defendants have filed Motion [19] to Dismiss under Federal Rule of Civil Procedure 41(b). Defendants' Motion [19] should be denied because dismissal with prejudice is not appropriate in this case.

## I. BACKGROUND

On November 13, 2025, Plaintiff initiated this lawsuit "on behalf of himself and all others similarly situated" against his former employer, Allied Universal, and its employee, Ms. Robinson, for allegedly violating the FLSA. *See* Compl. [1]. Plaintiff claims that "[d]uring the last three (3) years, Defendants carried out an unlawful payroll policy and practice by failing to pay Plaintiff and all others

similarly situated for all worked hours including overtime compensation as is required by federal law." Compl. [1] at 1.

On February 10, 2026, Defendants filed a Motion [10] to Compel Arbitration and Stay Proceedings and a Motion [12] to Dismiss on grounds that Plaintiff had signed three arbitration agreements throughout his employment with Allied Universal, and when defense counsel asked Plaintiff to stipulate to arbitration, Plaintiff's counsel refused. *See* Mem. [11] at 6; Doc. [10-1] at 7-26. Despite Plaintiff's refusal to arbitrate, he did not respond to Defendants' Motion [10] to Compel Arbitration or the Motion [12] to Dismiss. The Court ultimately granted the Motion [10] to Compel Arbitration and administratively stayed and closed the case on April 14, 2026. *See* Order [18]. The Court ordered Plaintiff to submit his individual claims against Defendants to arbitration, and admonished Plaintiff's counsel that his conduct in not responding had unnecessarily wasted judicial resources. *See id.* at 3 n.3, 10. The Court also instructed Plaintiff that it would not look favorably upon any future conduct that impeded the speedy determination of this case. *Id.* at 3 n.3.

Despite the Court's Order [18] and additional warnings, Plaintiff did not submit his claims to arbitration for over more than a five-month span, so Defendants filed the present Motion [19] to Dismiss for Lack of Prosecution on October 5, 2026. *See* Mot. [19].

## II. DISCUSSION

### A. Federal Rule of Civil Procedure 41(b)

Federal Rule of Civil Procedure 41(b) governs motions to dismiss for failure to prosecute, and states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Because of the severity of dismissing a case with prejudice as a sanction, the Fifth Circuit has held that dismissal with prejudice is a "draconian remedy" and "remedy of last resort." *In re Taxotere (Docatexel) Prods. Liab. Litig.*, 966 F.3d 351, 356-57 (5th Cir. 2020). Such dismissal is appropriate only when there is "(1) a clear record of delay or contumacious conduct by the plaintiff, and (2) a lesser sanction would not better serve the best interests of justice." *Yanez v. Dish Network, L.L.C.*, 140 F.4th 626, 633 (5th Cir. 2025) (citation omitted). In most cases where the Fifth Circuit has affirmed dismissals with prejudice, it found the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* (citation omitted); *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018).

### B. Analysis

Defendants assert that dismissal with prejudice is warranted due to a clear record of delay and abandonment of claims by Plaintiff. *See* Mot. [19]; Mem. [20] at

3. Defendants argue that there is a clear record of delay because the case has been dormant for months, Plaintiff did not respond to previous Motions [10], [12] in this case, and even after the Court's Order [18], Plaintiff never submitted his claims to arbitration over a span of more than five months. *See* Mot. [19]; Mem. [20] at 3-4. Plaintiff responds that this delay was due to local counsel not forwarding notices to undersigned counsel after a Motion [6] to appear *pro hac vice* was not ruled on, and that dismissal with prejudice is inappropriate because no deadline was given to initiate arbitration in the Court's Order [18]. *See* Resp. [21]; Mem. [22] at 4-5.

The Court finds Plaintiff's arguments disingenuous. Even if the *pro hac vice* Motion [6] was not ruled upon, Plaintiff has a duty of diligence to inquire about the status of his case, *see Trevino v. City of Fort Worth*, 944 F.3d 567, 571 (5th Cir. 2019), and even though the Order [18] did not specify a deadline by which Plaintiff needed to submit his claims to arbitration, that does not excuse a delay of almost six months in initiating arbitration, *see* Order [18]. And it was likewise the responsibility of local counsel to keep foreign counsel informed. L.U. Civ. R. 83(d)(3) ("The resident attorney remains responsible to the client and responsible for the conduct of the proceeding before the court").

Nevertheless, under the heightened standard of review applicable here, and considering the relevant factors, Holloway himself did not cause this delay; Holloway's counsel neglected to properly monitor the docket or timely initiate arbitration. *See Griggs*, 905 F.3d at 844. Finally, Defendants have not identified any actual prejudice caused by the delay, nor have they pointed to any intentional

conduct by Plaintiff himself. *See id.*; Mot. [19]; Mem. [20]; Resp. [23]. The Court does not condone Plaintiff counsel's lack of prosecution as this case has sat dormant for months, but under the standard of review applicable here, dismissal with prejudice would not be appropriate. *See Yanez*, 140 F.4th at 633. In the absence of any of the necessary aggravating factors establishing a clear record of delay or contumacious conduct to support a dismissal with prejudice, the Motion [19] should be denied without prejudice. *See Griggs*, 905 F.3d at 844; *Yanez*, 140 F.4th at 633.

## III. CONCLUSION

To the extent the Court has not addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result. The Motion [19] to Dismiss for Lack of Prosecution should be denied without prejudice, and Plaintiff will be ordered to initiate arbitration within 21 days of the date of this Order, failing which the Court will entertain another motion to dismiss for lack of prosecution.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendants Allied Universal Security and Bri Robinson's Motion [19] to Dismiss is **DENIED WITHOUT PREJUDICE**, and Plaintiff Tony Holloway is **ORDERED** to submit his individual claims against Defendants Allied Universal Security and Bri Robinson to arbitration **within 21 days** of the date of this Order. Plaintiff is **STRONGLY CAUTIONED** that further delay or failure to obey this Order may result in sanctions or dismissal with prejudice of his claims.

**SO ORDERED AND ADJUDGED**, this the 20th day of November, 2026.

s/ Halil Suleyman Ozerden
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE